WALGREEN CO., a Corporation,

*Plaintiff and Appellant,*

vs.

THE STATE BOARD OF EQUALIZATION OF THE
STATE OF WYOMING,

*Defendant and Respondent.*

(No. 2535; July 29th, 1952; 246 Pac. (2d) 767)

194

For the plaintiff and appellant the cause was submitted upon the brief of Ellery & McClintock, of Cheyenne, Wyoming.

For the defendant and respondent the cause was submitted upon the brief of Harry S. Harnsberger, Attorney General, Howard B. Black, Deputy Attorney General, Paul T. Liamos, Jr., Assistant Attorney General, all of Cheyenne, Wyoming.

## OPINION

ILSLEY, Justice.

The plaintiff and appellant seeks to recover in this action, by its amended petition and the amendments

made on trial, the sum of $3,059.18 from the defendant and respondent because of an overpayment made to defendant by virtue of the Wyoming Sales Tax Law.

A summary of the allegations of the plaintiff's petition and the admissions in the answer of the defendant sufficient to set forth the point at issue and to be decided follows:

Briefly stated, plaintiff alleged that in the operation of several of its retail drug stores in Wyoming, between August 1, 1942 and September 30, 1945, it made many sales where the amount involved was twenty-five cents (25c) and more upon which it collected a 2% sales tax as provided in Article 25, Chapter 32, W.C.S. 1945. That plaintiff, between the dates above mentioned, also made many retail sales to purchasers where the sales price amounted to twenty-four cents (24c) or less and upon such sales the Wyoming Sales Tax Statute imposes a tax of 1%. That upon an audit by defendant of the books of the plaintiff the defendant determined that the total taxable sales during such period amounted to $1,177,662.52, and upon which a tax of 2% was assessed by defendant amounting to $23,553.25, to which was added certain use taxes assessed against plaintiff in the sum of $205.59, making in all a total claim against plaintiff of $23,758.54. That plaintiff had theretofore paid defendant $19,568.95. That defendant issued a notice of assessment for the difference, amounting to the sum of $4,189.59. That the bulk of plaintiff's records were kept in Chicago and Denver. That plaintiff, in accordance with the law and the regulations thereunder, signified to defendant its election to report upon the basis of detailed segregated records. That on the 26th of September, 1947, plaintiff filed its protest against the payment of a portion of the amount demanded, viz., $3,203.15 (later reduced by plaintiff's waiver to $3,059.18), which protest was marked Ex-

hibit "A," attached to the amended petition and to all intent and purposes is the same as the allegations in the petition. All of the foregoing matters were admitted by defendant in its answer.

The following allegations in plaintiff's amended petition were denied by the answer of the defendant: That sales in Wyoming in the sum of $876,091.90 represented sales amounting to twenty-five cents (25c) and more, while the sum of $294,372.36 represented sales amounting to twenty-four cents (24c) and under; that although plaintiff offered to make available to defendant its detailed segregated records for its examination the defendant refused so to do and issued a notice of assessment upon a flat 2% tax upon the total sales, irrespective to that portion of the total sales representing a price of twenty-four cents (24c) and under, which assessment was computed on the basis of a flat 2% of plaintiff's gross sales. Plaintiff alleges that by reason of the foregoing, the assessment made is wholly null and void. That the assessment is null and void insofar as defendant attempts to impose a sales tax upon sales of twenty-four cents (24c) and under in that the same is unconstitutional and void in contravention of section 1 of the 14th amendment to the Constitution of the United States, because the classification of such sales tax is not predicated upon any substantial difference in situation an dcircumstance, but is such an arbitrary, discriminatory, unreasonable classification as to result in a denial of the equal protection of the laws. That such levy and assessment is also in contravention of sections 2 and 34, Article I, section 27 of Article III and section 28 of Article I of the Constitution of the State of Wyoming, wherein it is provided:

*Section 2, Article I:*

"In their inherent right to life, liberty and the pursuit

of happiness, all members of the human race are equal."

*Section 34, Article I:*

"All laws of a general nature shall have a uniform operation."

*Section 27, Article III:*

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * granting to any corporation, association or individual, the right to lay down railroad tracks, or any special or exclusive privilege, immunity or franchise whatever, * * * for the assessment or collection of taxes; * * *"

*Section 28, Article I:*

"No tax shall be imposed without the consent of the people or their authorized representatives. All taxation shall be equal and uniform."

Therefore plaintiff makes claim and prayer for judgment in the sum of $3,059.18 and interest . Issue was joined upon the admissions and a general denial in the answer of the defendant.

The case coming on for trial counsel for plaintiff submitted its case upon the "admissions in the pleadings as supplemented by the stipulation this day filed." The stipulation having to do with the admissions above referred to by defendant by way of its answer. With that, plaintiff rested its case. Mr. Harnsberger, the Attorney General, then made the following motion:

"The plaintiff having rested his case without introduction of any testimony or evidence in support of allegations of its petition and upon any of the issues joined by the answer of the defendant and matters stipulated to between the respective counsel, defendant moves the Court for its order rendering judgment in favor of the defendant and against the plaintiff; that the plaintiff take nothing by its action herein, and that the defendant do have a recovery of and from the plaintiff of its costs herein expended."

After argument upon the motion the following colloquy took place between court and counsel:

"The Court: Now, you allege, as I understand it—you allege that they have kept a detailed segregated record. You allege that somewhere.

"Mr. McClintock: Yes, we do, Your Honor.
"The Court: Somewhere in your petition. And you contend that the State in its answer has admitted—

"Mr. Harnsberger: No, we haven't.

"Mr. McClintock: We do contend that we collected all the tax that was due of the 2% sales and having paid it to the State that thereby there is a segregation. That proves that—that proves segregation of 2% tax definitely.

"The Court: Well, it proves that you have at least paid the maximum tax that you could be expected to pay under any factual contention.

"Mr. McClintock: That's right.

"The Court: Now, do you contend that having paid that that it included the smaller 1% tax.

"Mr. McClintock: No, Your Honor, we don't do that. We admit that if this tax is constitutional then we are not entitled to recover. That is the only claim we are attempting to make is that the 1% tax is unconstitutional and that if it is unconstitutional then we have satisfied the burden of proof resting on us of showing that we have paid a tax which is illegally assessed because if the 1% tax is unconstitutional then there is no justification whatsoever for them assessing an additional tax because they have admitted that we have collected part of the 2% tax that was collectible."

It appearing to the trial court that plaintiff paid 2% on part of its sales; that part represented by sales of twenty-four cents (24c) and under, so as to come under to prove, after having been given the opportunity by the trial court, that it had segregated its sales of twenty-four cents (24c) and under, so as to come under the provision of the Sales Tax Law, giving to it the

privilege of paying the lesser 1% tax, rendered judgment in favor of the defendant. From this judgment plaintiff appeals.

Counsel for appellant states that Sec. 4 (e) of the Selective Sales Tax Act of 1937, Id. Sec. 32-2504 (e) W.C.S. 1945, insofar as it attempts to levy against the vendor, a 1% tax on sales of twenty-four cents (24c) and under is unconstitutional and void by reason of the United States and the Wyoming Constitutional provisions above quoted. That portion of the Statute referred to reads as follows:

"* * * provided, that the tax on all sales of twenty-four (24c) cents or less shall be one percent, and provided further, that the purchaser, consumer and user of any single unit purchase of twenty-four (24c) cents or less, shall not be required to pay the tax provided herein and provided further that the tax of one percent herein imposed on all purchases of twenty-four (24c) cents or less shall be assumed and paid for by the vendor who shall keep a detailed segregated record of all such sales. Any vendor who shall so elect may, in lieu of keeping such detailed segregated record, pay a tax of two (2) per cent, on his total sales upon which the tax provided herein is imposed."

First of all, in order for plaintiff to raise this constitutional question it must show that its rights are affected thereby, that the enforcement of the law would be an infringement on its rights, or that it would be injuriously affected. This has not been shown.

The burden of proof was upon the plaintiff to show by facts proved on trial that the sales made of twenty-four cents (24c) and under were segregated, amounted to so much in money and the tax of 1% amounted to a certain sum. While alleged in the petition it has been denied in the answer and no proof was offered thereon, so that there is a total failure of proof. Counsel for

plaintiff admits in his brief that there is no proof in the record of the amount of the 1% tax. We quote:

"In other words, on the basis of the record as it now stands, the court could not find what amount should be assessed as 1% tax because we have made no effort to show the amount thereof. But when it is established by the pleadings that plaintiff has paid to the State of Wyoming all the 2% tax assessed against and collected from its customers, then we submit that we have established that every amount due the State of Wyoming has been paid unless the tax be constitutional."

Even though plaintiff paid a 2% tax it would be necessary in the instant case to show a segregation of sales twenty-four cents (24c) and under and the amount of the 1% tax before a constitutional question could be raised. In other words, there is no factual basis upon which to base the constitutional question to which plaintiff seeks an answer.

We are of the opinion that the trial court was correct in rendering judgment in favor of the defendant and against the plaintiff.

It is well said in 16 C.J.S. 157, Sec. 76, under the title Constitutional Law, that:

"A person may challenge the constitutionality of a statute only when and so far as it is being, or is about to be, applied to his disadvantage.

"It is a firmly established principle of law that the constitutionality of a statute or ordinance may not be attacked by one whose rights are not, or are not about to be, adversely affected by the operation of the statute. This rule applies to all cases both at law and in equity, and is equally applicable in both civil and criminal proceedings. One of the many variations of this rule is the principle that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution. A constitutional question may

not be raised by one whose rights are not directly and certainly affected. * * *"

Beginning with the case of McKinney vs. State, 3 Wyo. 719-727, decided at the April A. D. 1892 term of this court, and in many cases thereafter, this court has agreed with the principle of law above stated. In the McKinney case, supra, our court said:

"The courts will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who therefore has no interest in defeating it." Cooley, Const. Lim. 164.

As Judge Blume had occasion to say in Salt Creek Transp. Co. vs. Public Service Commission, 37 Wyo. 488-497, 263 P. 621:

"The law is well settled that it is not sufficient for a party to say that a statute is unconstitutional as to other persons or classes of persons. It must appear that it is unconstitutional as to the person attacking it."

In the late case of In Re Edelmans Estate 68 Wyo. 30-49, 228 P. (2d) 408, Judge Riner, speaking for this court, called attention to this principle of law:

"It is firmly established principle of law that the constitutionality of a statute or ordinance may not be attacked by one whose rights are not, or are not about to be, adversely affected by the operation of the Statute."

See also, State v. Smart, 18 Wyo. 436, 110 P. 715, State v. Kelley, 17 Wyo. 335, 98 P. 886; Zancanelli vs. Central Coal Co. 25 Wyo. 511, 173 P. 981; State ex rel Voiles vs. Johnson County High School 43 Wyo. 494, 5 P. (2d) 255; Cuthbertson vs. Union Pacific Coal Co. 50 Wyo. 441, 62 P. (2d) 311; State ex rel Keefe vs. McInerney 63 Wyo. 280, 182 P. (2d) 28.

Finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

RINER, J.; PARKER, District Judge, concur.