357 P.2d 488

SALT LAKE COUNTY et al., Plaintiff and Respondent,

v.

LIQUOR CONTROL COMMISSION et al., Defendants and Appellants.

No. 9207.

Supreme Court of Utah.

Dec. 23, 1960.

236

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for appellants.

Grover A. Giles, County Atty., Gerald E. Nielson, Asst. County Atty., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an order denying a motion to dismiss a complaint filed by the County to compel the Commission to comply with local zoning ordinances which excluded liquor stores from certain areas. Reversed.

Our statutes give counties broad zoning powers,[1] the Liquor Commission broad powers in locating liquor outlets,[2] and waive

1. Title 27, Utah Code Annotated 1953.
2. Title 32–1–6, Utah Code Annotated 1953: "(a) have the general control, management and supervision of all liquor stores and package agencies. (b) Decide, * * * the number and location of the stores * * *." And Title

sovereign immunity and permit suits against the Liquor Commission only with the written consent of the Governor.[3]

Our cases have determined that a county is but an agency of the state, subservient to it;[4] that supervision and control of the production and distribution of liquor is a governmental function, subject to reasonable exercise of the police power.[5]

Here we have a case where the county, arm of the state, has crossed swords with the Liquor Commission, another arm of the state, both being invested with the power of reasonably exercising the police power. Liquor is a proper subject of regulation by each or both, and both enjoy sovereign immunity in its regulation. Both County and Liquor Commission are the subject of state legislation, one being administered by locally elected officials, the other by legislatively sanctioned appointments of the executive.

Our problem is to determine which arm shall predominate. The Liquor Com-

mission having been delegated plenary power unequivocally to "decide * * * the number and location of the stores," a county zoning ordinance in and of itself should not be permitted to interdict against such sweeping authority, without a further and clear showing that the state's police power is being abused and exercised in an unreasonable manner.

Neither the ordinance nor the pleadings in this case reflect any such apodictic conclusion. If an ordinance ipso facto could render impotent the enactment giving the Liquor Commission this authority, unincorporated areas in counties could enjoy a sort of local option as to liquor sales and consumption that neighboring ones would not enjoy, and a sort of left-handed Prohibition created by a process of exclusion by ordinance,—a result, we are satisfied, which was not intended by the Liquor Control Act.

We conclude, therefore, that the local county arm of the state sovereign must yield to the statewide arm having power to locate stores without restriction, absent a

32–1–12, Utah Code Annotated 1953, provides that property acquired by the Commission shall be state property.

3. Title 32–1–28, Utah Code Annotated 1953. See State v. Lack, 118 Utah 128, 221 P.2d 852, and Riggins v. District Court, 89 Utah 183, 51 P.2d 645.

4. Salt Lake City v. Board of Ed., 52 Utah 540, 175 P. 654; cited with approval and quoting therefrom at length in the very recent case of Board of Regents, etc. v. City of Tempe, Ariz.1960, 356 P.2d 399.

5. Utah Mfrs'. Ass'n v. Stewart, 82 Utah 198, 23 P.2d 229.

showing far beyond the passage of an exclusion zoning ordinance directed at liquor stores, as such, implemented by litigation that only sets out the ordinance and recites a general allegation of non-compliance on the part of the state agency.

In view of the public nature of the problem, we felt constrained to discuss and express an opinion as to the separation of powers as we see it, in a climate of the state's purposes in the statutory grants given to its political offspring. Hence we went further than to decide this case on another but much simpler basis: that in a case like this, the legislature with considerable specificity made it quite clear that the Liquor Commission could not be sued save with the written consent of the Governor, a circumstance not extant here.

In a case where it appeared that the Commission clearly was about to abuse or act unreasonably in the exercise of the police power, we are satisfied that the Governor would supply such consent.

In the light of what we have said, we need not construe Title 17–27–8, U.C.A., as to planning procedures and as to the meaning of "public buildings" under the facts of this case.

WADE and CALLISTER, JJ., concur.

CROCKETT, C. J., and McDONOUGH, J., concur in the result.