371 P.2d 27

STATE of Utah, Plaintiff and Appellant,

v.

Leonard BRENNAN, Defendant and Respondent.

No. 9584.

Supreme Court of Utah.

May 3, 1962.

A. Pratt Kesler, Atty. Gen., amicus curiae, Ronald L. Boyce, Asst. Atty. Gen., Salt Lake City, L. Roland Anderson, Dist. Atty., Calvin Gould, Asst. Dist. Atty., Ogden, for appellant.

Richard W. Campbell, Ogden, for respondent.

CROCKETT, Justice.

The state appeals from an order of dismissal at the conclusion of the state's case in a prosecution for violating Section 41-6-44 U.C.A.1953.[1]

The parts of the statute material here are:

"(a) It is unlawful and punishable as provided in subdivision (d) of this section for any person * * * *under the influence of intoxicating liquor* * * * *to drive* * * * any vehicle within this state.

\*  \*  \*  \*  \*  \*

---

1. State's Appeal is permitted by Sec. 77-39-4(4), U.C.A.1953.

"(d) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than thirty days nor more than 6 months, or by a fine of not less than $100 or more than $299, or by both such fine and imprisonment; provided that in the event that such defendant shall have inflicted a bodily *injury upon another* as a proximate result of having operated said vehicle *in a reckless or negligent manner* * * * he shall be punished by imprisonment in the county jail for not more than one year and, in the discretion of the court, a fine of not more than $1,000." (emphasis added)

The defendant's motion for dismissal having been granted, in analyzing the evidence to see if a case could be made out against him, we review it in the light most favorable to the State.

On the evening of March 26, 1961 just after 7:00 P.M. the defendant was driving his car west on 12th Street in Ogden near Jackson Avenue. As he attempted to make an "S" curve the right front of his car collided with Kayleen Smart a 12-year-old girl, who was riding her bicycle eastward near the north edge of the surfaced portion of the road. There is evidence that the right wheels of the defendant's car left the paved portion onto the shoulder just prior to the collision. The point of impact as determined by the investigating officer was about one foot in on the surfaced area. There is no evidence of excessive speed. It is unquestioned that the defendant applied his brakes, but there is uncertainty as to just when he did so. The view most adverse to him is that his car began to make brake marks at about the point of impact, which would mean that he started to apply his brakes about a normal reaction time, three-fourths of a second, before striking the girl.

The officer said he noticed the odor of alcohol on the defendant's breath and other indications of drunkenness and therefore took him into custody. He described defendant's behavior as weaving and staggering; that he could not perform the usual simple tests of walking a straight line, or maintaining balance; and said that based upon these observations, in his opinion the defendant was intoxicated. A sample of the defendant's blood showed alcohol content of 0.23%, substantially above the 0.15% upon which the statute states " * * * it shall be presumed that the defendant was under the influence of intoxicating liquor." [2]

The dismissal appears to have been on the grounds that reasonable minds could not find beyond a reasonable doubt that the injury to Kayleen Smart was caused by any reckless or negligent driving of the defendant. While we concede that the state's ar-

2. 41–6–44(b), 2, U.C.A.1953.

gument to the contrary is not entirely without plausibility, the trial court having ruled thereon, we are not disposed to disagree with that ruling, particularly in view of the way this case must be disposed of as indicated below.

The state essays the further position that even if the evidence would not justify submitting the case to the jury on the basis of an injury resulting from driving in a reckless or negligent manner, it would support a charge of driving while under the influence of liquor, which it insists is an included offense in the charge against the defendant.

■ The rule as to when one offense is included in another is that the greater offense includes a lesser one when establishment of the greater would necessarily include proof of all of the elements necessary to prove the lesser. Conversely, it is only when the proof of the lesser offense requires some element not involved in the greater offense that the lesser would not be an included offense.[3] Applying that rule here: it will be seen that subdivision (a) of the statute quoted above prohibits the driving of a motor vehicle under the influence of liquor as a separate offense, with a separate punishment as a misdemeanor as set forth in subdivision (d); and that it is necessarily included in the greater offense of driving while intoxicated *and* injuring another in a reckless or negligent manner, which is punishable as an indictable misdemeanor.

■ In view of the fact that the evidence of intoxication recited above obviously would have been sufficient to prove a prima facie case of driving while intoxicated, we are unable to perceive why the trial court did not submit the case to the jury on that included offense. In refusing the state's request to do so it committed error against the State.

■ In connection with this appeal some questions are raised as to the validity of this statute under which defendant was charged. We do not see sufficient merit in them to warrant any extensive discussion. It is within the prerogative of the legislature to make it unlawful for one to drive a vehicle while under the influence of liquor; and to provide a greater penalty if while doing so he injures another by recklessness or negligence.[4] The statute does not deal with two separate subjects and thus transgress our constitutional requirement that legislative acts must contain only one subject.[5] It merely makes one type of conduct, driving while intoxicated, a crime and makes it a greater offense if in its commis-

---

3. See State v. Woolman, 84 Utah 23, 33 P. 2d 640, 93 A.L.R. 723.
4. Cf. State v. Johnson, 12 Utah 2d 220, 364 P.2d 1019.

5. Art. VI, Sec. 23, Const. of Utah; See Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870; State v. Twitchell, 8 Utah 2d 314, 333 P.2d 1075.

sion injury is caused to another by recklessness or negligence.[6]

 In view of the protection our law assures the defendant against double jeopardy, both as to the main and included offenses, there can be no further proceedings against him.[7]

WADE, C. J., and McDONOUGH, HENRIOD, and CALLISTER, JJ., concur.

---

6. Cf. State v. Stewart, 110 Utah 203, 171 P.2d 383.

7. See Art. 1, Sec. 12, Const. of Utah; 77–24–13 U.C.A.1953; State v. Sandman, 4 Utah 2d 69, 287 P.2d 1060 and authorities therein cited.