Claude MAHANEY and Jaunita Mahaney, Appellants (Defendants below),

v.

HUNTER ENTERPRISES, INC., a corporation, Appellee (Plaintiff below).

No. 3557.

Supreme Court of Wyoming.
April 13, 1967.

R. G. Diefenderfer, Bruce P. Badley, Sheridan, for appellants.

Lubnau & Uchner, Gillette, for appellee.

Before GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff, acting under § 14–5.1, W.S.1957 (Compiled 1965),[1] brought suit for $300 damage caused by the willful and malicious breaking of plaintiff's plate-glass store window and the taking of property by defendants' 13 and 16-year-old sons. Defendants unsuccessfully moved to dismiss on the ground of failure to state a claim upon which relief could be granted and of the unconstitutionality of the statute under which the action was brought—then answered raising the same defenses. After the facts alleged in the petition were stipulated, the court entered a judgment for the amount claimed; and this appeal has resulted, the sole question being whether the trial court erred in overruling defendants' motion to dismiss the complaint and entering judgment for plaintiff.

As the basis for the claimed error, defendants argue that (1) c. 73, S.L. of Wyoming, 1965 (§§ 14–5.1 to .14–5.3), was unconstitutional and void because the subject of the Act was not clearly expressed in its title as required by Art. 3, § 24, Wyo.

1. "Any * * * corporation * * * shall be entitled to recover damages in an amount not to exceed three hundred dollars ($300) from the parents of any minor under the age of seventeen (17) years and over the age of ten (10), who maliciously and wilfully damages or destroys property, real, personal or mixed, belonging to such owner. However, this act [§§ 14–5.1 to 14–5.3] shall not apply to parents whose parental custody and control of such child has been removed by court order, decree or judgment."

Const., (2) said statute was and is unconstitutional and void because it deprives them of property without due process of law; (3) said Act was and is unconstitutional and void because it deprives them of equal protection of law; and (4) said Act is penal in nature and attempts to fix vicarious liability upon them for acts committed by others with which they and others in like circumstances had no connection, all contrary to the common-law principles of liability for tort damages, especially as recognized and applied in the State of Wyoming.

■ On defendants' first point, they argue that whereas the title plainly states only "custodial" parents are to be made liable, the body of the Act does not so restrict the liability, in violation of Art. 3, § 24, Wyo.Const. We do not pass upon the merit of this point since it is fundamental that to raise a constitutional question one must show that the alleged unconstitutional feature injures him. Walgreen Co. v. State Board of Equalization, 70 Wyo. 193, 246 P.2d 767, 770. And a party cannot assert a statute is unconstitutional as to other persons or classes of persons. State ex rel. Riverton Valley Drainage Dist. v. Cole, 43 Wyo. 209, 299 P. 1040, 1044. There is no contention by defendants that the claimed defect is applicable to them, and in fact, it was admitted by the pleadings that the minor children accused of the infraction were under the legal control, supervision, and custody of the defendants and resided with them.

■ As to defendants' second and third points, it must be noted that their challenge of the statute's constitutionality is really without favorable precedent since only twice in the Nation have constitutional questions been raised against some twenty-six state statutes which seek to accomplish a similar result and in each instance the statute was held constitutional. Kelly v. Williams, Tex.Civ.App., 346 S.W. 2d 434; General Insurance Company of America v. Faulkner, 259 N.C. 317, 130 S.E. 2d 645, 8 A.L.R.3d 601; Annotation, 8 A.L.R.3d 612; 1 Land and Water L.Rev.

299. Granted, the Wyoming statute is distinguishable from many of the others, especially in jurisdictions with a background of civil law, but we are bound in any determination which we may make by the fundamental principle that courts will not declare a statute unconstitutional unless the unconstitutionality is clear. War Memorial Hospital of District No. 1, Park County, v. Board of County Commissioners of County of Park, 73 Wyo. 371, 279 P.2d 472, 475. In the Faulkner case, supra, it was the holding of the North Carolina court that there was no deprivation of a person's property by a similar statute since such enactment is within the police power of the State. In the Kelly case, supra, the court pointed out there are reasonable grounds for restricting liability of the Act to a natural parent or parents of offending minors in contrast to responsibility of those maintaining a secondary custody by "court order, decree or judgment," the statute operating equally upon all within the class involved. In the light of such holdings and being furnished no persuasive authority to the contrary, we cannot here determine the statute before us to be clearly unconstitutional on the grounds charged.

■■ As to defendants' final point, it is true that statutes in derogation of the common law will be strictly construed. Nevertheless, we find no merit in their position that because Wyoming has rejected the "family purpose" doctrine, this statute "flies in the face of the policy" set by this court. As we carefully noted in Sare v. Stetz, 67 Wyo. 55, 214 P.2d 486, 494, such a matter is one of state policy purely and as such to be disposed of by the legislature as it may hereafter see fit to do. It might be, as insisted by defendants, that legislation such as §§ 14–5.1—14–5.3 not only fails in its aim to reduce vandalism, but actually increases property damage, but recourse is not properly sought with this court.

Affirmed.

HARNSBERGER, C. J., not participating.