Jerald W. GREAVES, Plaintiff and Respondent,

v.

STATE of Utah, Defendant and Appellant.

No. 13631.

Supreme Court of Utah.

Nov. 22, 1974.

Vernon B. Romney, Atty. Gen., Bernard M. Tanner, Earl F. Dorius, Asst. Attys. Gen., Salt Lake City, for defendant-appellant.

Lyle W. Hillyard and Gordon J. Low, Logan, of Hillyard & Gunnell, Logan, for plaintiff-respondent.

CROCKETT, Justice:

Jerald W. Greaves brought this declaratory judgment action to have Section 41–6–44.2, U.C.A.1953, (Pocket Supp.) quoted below, which deals with driving or controlling a vehicle while intoxicated, and which he had been charged with violating, declared unconstitutional.[1]

Plaintiff was arrested on August 1, 1973, by a Logan City police officer for driving while intoxicated. A test was taken of plaintiff's blood shortly after his arrest, showing a blood-alcohol content of .12 per cent by weight. He was first charged with driving while under the influence of alcohol under a city ordinance. But after a plea of not guilty and other proceedings, that case was dismissed and he was charged under the state statute referred to.

Thereafter, and prior to his trial on that charge, in anticipation of the use of his blood test by the State, the plaintiff instituted this action challenging the validity of the statute under which he was charged. It provides:

(a) It is unlawful and punishable as provided in subsection (b) of this section for any person with a blood alcohol content of .10% or greater, by weight, to drive or be in actual physical control of any vehicle within this state.

Upon the submission of the issue to the trial court and briefs in support thereof, the trial court issued his decision that Section 41–6–44.2 was unconstitutional, assigning reasons of its vagueness and that it fails to require either a specific intent, or an act which implies intent, to violate the statute. One of the claimed frailties pointed out is that a person cannot tell when his blood alcohol is .10 content without a chemical test; and this is compared with other offenses where one can easily tell whether he is violating the law. In his ruling the trial court commented that a person might have such a concentration of alcohol in his blood by medical treatment or injection, and without any intent to violate the law, rather than by drinking alcoholic beverages.

In regard to the judicial determination of the constitutionality of statutes there are certain principles relating to statutory construction, to be taken into consideration. Because the duty rests upon the courts to determine the scope of the powers of all three branches of government, they have a special responsibility to exercise a high degree of caution and restraint to keep themselves within the limitations of the judicial power in order not to infringe upon the prerogatives of the executive or the legislative branches. In harmony with that policy it is the well-established rule that legislative enactments

---

1. Also included in the attack was Sec. 41–2–18, U.C.A.1953, which provides for the revocation of one's driver's license upon stated conditions, including conviction of the charged offense. The trial court did not hold that section unconstitutional; and that question is not involved in this appeal.

are endowed with a strong presumption of validity; and that they should not be declared unconstitutional if there is any reasonable basis upon which they can be found to come within the constitutional frame work; and that a statute will not be stricken down as being unconstitutional unless it appears to be so beyond a reasonable doubt.[2]

■ We think the contentions against the validity of the statute, and the comments of the trial court, indicate an undue concern with the factor of guilt and punishment with respect to controlling or operating a vehicle while intoxicated. It is well enough known to require no elaboration that driving while under the influence of liquor is so hazardous that it involves the public interest and welfare, and consequently, is a proper subject for regulation and control by law;[3] and this is also true of the operation of motor vehicles.[4]

■ We suppose that the danger to one's self and to others, which it is the purpose of this statute to guard against, would be just as great, however the alcohol got into the blood. In determining whether the statute carries out that purpose, it should not be given any tortured or strained application to conjectured or hypothetical situations, but should be understood and applied in a fair, realistic and practical manner to the situation confronted, and in the awareness that all of the law is not stated in one sentence or one paragraph, but a statute is to be construed and applied in relation to other requirements of the law.

■ This statute is part of the Motor Vehicle Code, whose purpose is to govern the safety of the use and operation of motor vehicles. Inherent in its language is the legislative determination and declaration that the stated blood content of .10 per cent of alcohol makes it dangerous for a person to operate or be in control of a vehicle. This is one of those situations where from the doing of the prohibited act one is presumed to intend its natural consequences; and it is the intentional doing of the act prohibited by law which constitutes the offense.[5] To be considered in this connection and consistent with the conclusion we have reached is Section 41–6–12 of the Motor Vehicle Act which expressly states that it is "a misdemeanor for any person *to do any act forbidden* . . . in this act." (Emphasis added.)

■ Concerning the charge that the statute is void for vagueness: the presumption of validity hereinabove stated, gives rise to the rule that a statute will not be declared unconstitutional for that reason if under any sensible interpretation of its language it can be given practical effect. The requirement is that it must be sufficiently clear and definite to inform persons of ordinary intelligence what their conduct must be to conform to its requirements and to advise one accused of violating it what constitutes the offense with which he is charged.[6] This statute states with sufficient clarity and conciseness the two elements necessary to constitute its violation. They are (1) a blood alcohol concentration of .10 per cent, and (2) concurrent opera-

2. See Newcomb v. Ogden City Pub. Sch. Teachers, etc., 121 Utah 503, 243 P.2d 941; Utah Mfrs.' Ass'n v. Stewart, 82 Utah 198, 23 P.2d 229.

3. See Salt Lake County v. Liquor Control Commission, 11 Utah 2d 235, 357 P.2d 488; Utah Mfrs.' Ass'n v. Stewart, footnote 2 above.

4. State v. Twitchell, 8 Utah 2d 314, 333 P.2d 1075; State v. Brennan, 13 Utah 2d 195, 371 P.2d 27.

5. See Sec. 76–1–20, U.C.A.1953, now superseded by Sec. 76–2–101 & 76–2–102, U.C.A. 1953 (Pocket Supp.). As to recognition of this class of crimes where the intent to do the prohibited act constitutes the offense see State v. Twitchell, footnote 4 above; and Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, which reviews the development of this class of crimes; Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed. 2d 1254.

6. State v. Packard, 122 Utah 369, 250 P.2d 561; United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989.

tion or actual physical control of any vehicle. We can see no reason why a person of ordinary intelligence would have any difficulty in understanding that if he has drunk anything containing alcohol, and particularly any substantial amount thereof, he should not attempt to drive or take control of a motor vehicle.

In regard to plaintiff's argument that there could be particular circumstances where innocent and non-dangerous conduct might be in technical violation of the statute: For the purpose of analysis, accept the plaintiff's hypothesis. If there is in fact innocent and non-dangerous conduct which is charged to be in violation of this statute, that undoubtedly would be a matter of defense to raise a reasonable doubt that one so accused was guilty of a crime. But we do not see how, in conformity with the interests of justice, this should redound to the benefit of the plaintiff here. It does not appear that he was in fact in any such unusual or special circumstance that the statute could penalize him for innocent conduct. He is therefore not in a position to complain in the abstract that the statute is unconstitutional because it might unjustly hurt someone else. He could properly do so only if he is himself adversely affected thereby in violation of his own constitutional rights.[7]

In accordance with out discussion herein, we are not persuaded that there is any justification for striking down the statute in question as unconstitutional. Therefore the judgment is reversed. Costs to defendant (appellant).

CALLISTER, C. J., and ELLETT, J., concur.

TUCKETT, Justice (dissenting).

I dissent. The statute under consideration does not specify and prohibit conduct which might be criminal in character but it deals only with the status of one's blood. On the same basis the legislature could denounce as a crime the appearance in a public place of one who has the virus of the common cold in his blood stream.

HENRIOD, J., does not participate herein.

---

7. See Walgreen Co. v. State Board of Equalization, 70 Wyo. 193, 246 P.2d 767; 16 Am.Jur.2d, Constitutional Law, Sec. 119.