DAVID M. SHAPIRO & NATIONAL UNION FIRE INSURANCE COMPANY, a Corporation, Plaintiffs

v.

EDWIN J. McMANUS and MARIA PATRICIA McMANUS, Defendants

Civil No. 311-75

Superior Court of Guam

November 17, 1975

WEEKS, *Judge*

DECISION

The case law available dealing with similar statutes upholds the right of the state to impose limited liability on the parents of a Juvenile responsible for property damage. See *Kelly v. Williams*, 346 S.W.2d 434 (Texas 1961), *General Insurance Company v. Faulkner*, 130 S.E.2d 645 (N.C. 1963), *Mahaney v. Hunter Enterprises Inc.*, 426 P.2d 442 (Wy. 1967).

In addition to the fact that stare decisis supports the upholding of the constitutionality of Section 1716, the basic principles of statute construction and interpretation equally support this conclusion. In essence the legislature, in enacting Section 1716, is exercising its police powers in an attempt to limit or retard the growth of Juvenile Delinquency by compelling parents to exercise greater or more effective control on the actions of their children. The question then becomes whether the legislature was acting

with respect to an appropriate public matter to which their police powers may be applied; and whether the means utilized to effect this public matter bears a reasonable relationship to such to effect the desired result. In both instances the answer would be in the affirmative. See *In Re Sorrell*, 315 A.2d 110 (Md. 1974).