Dan S. BUDD et al., Appellants
(Plaintiffs below),

v.

Floyd BISHOP, State Engineer, et al.,
Appellees (Defendants below).

No. 4410.

Supreme Court of Wyoming.

Dec. 18, 1975.

Jack R. Gage, of Hanes, Carmichael, Johnson, Gage & Speight, Cheyenne, for appellants.

David B. Kennedy, Atty. Gen., and James H. Barrett, Special Asst. Atty. Gen., Cheyenne, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK and THOMAS, JJ.

THOMAS, Justice.

This action was brought by the plaintiffs (hereafter collectively referred to as Budd) for the purpose of posing constitutional challenges to Chapter 153 of the Session Laws of Wyoming, 1945. Prior to 1945, § 122–117, W.R.S.1931, as amended by Chapter 105, S.L. of Wyoming, 1935, had provided for the determination and establishment of the several priorities of water rights on streams in the state; had limited such rights to beneficial use of the water, but in any event, to not more than one cubic foot of water per second for each 70 acres; and had provided for the division of any excess water in a stream among the several appropriators in proportion to the acreage recovered by their respective permits. Chapter 153, S.L. of Wyoming, 1945, which for convenience we will refer to as the Wyoming Surplus Water Law, amended § 122–117, W.R.S.1931, as Amended. This amendment was accomplished in § 1 of the Wyoming Surplus Water Law and new provisions were adopted in §§ 2 through 8. These provisions now are found in §§ 41–181 through 41–188, W.S.1957.

It appears that the purpose and effect of the Wyoming Surplus Water Law was to define, limit, and clearly provide for the vesting of the right to use the excess water by the several appropriators which had been recognized in Chapter 105, S.L. of Wyoming, 1935. The amendment to prior law incorporated in § 1 of the Wyoming Surplus Water Law provides that existing rights are subject to the succeeding sections of the 1945 act. The Wyoming Surplus Water Law then defines surplus water and specifically provides for the right to divert such water. The right to use surplus water is limited to one cubic foot of water per second for each 70 acres, and to the lands described in the adjudicated appropriations of record on valid permits or filings of record. The rights to use surplus water adjudicated by the statute each bear a priority date of March 1, 1945. Rights unadjudicated acquire the surplus right as the original is perfected. Regulation and control of the diversion and taking of surplus water by the state engineer, water superintendents and water commissioners is established as part of the law. The entitlement to divert is limited by beneficial use, and by an upper limit of one cubic foot of water per second of time for each 70 acres of land, and by the proportionate share of the total quantity of previously appropriated water from the stream. The application of the surplus water to beneficial use vests in the user a priority senior to any water right acquired after March 1, 1945. Nothing in the statute is to be construed so as to permit, authorize or make lawful the diversion or taking of any water other than surplus water as defined by the act. The act was made effective upon its passage and approval which was February 24, 1945. The statute specifically provides that "Any permits issued or water rights granted in the State of Wyoming after March 1, 1945 shall be subject to the adjudication of surplus water as provided herein." Section 4, Chapter 153, S.L. of Wyoming, 1945, § 41–184, W.S.1957.

Naming as defendants the State Engineer and subordinate officials charged with the function of supervising and administering water rights in ditches, Budd contend-

ed that the interpretation applied to the statutory provisions by the state officers was erroneous. He further argued that if their interpretation should be found to be correct, then the statute was unconstitutional. Budd appeals from a Judgment in favor of the defendants which incorporated Findings of Fact and Conclusions of Law which upheld both the construction of the statute by the state officers and the constitutionality of the statute as so construed.

The essential facts necessary for the resolution of this case were stipulated by the parties, and are included in the Findings of Fact in the Judgment of the district court, substantially as stipulated. It appears that Budd held a water right diverting from Fish Creek, a tributary of South Piney, a tributary of the Green River, which is identified as Permit No. 21784 and is diverted through the Barbara Budd Ditch. The priority date of this water right is January 16, 1956. There are several valid and senior water rights diverting from Fish Creek, which not only are senior to the Budd right, but were perfected and had priorities prior to March 1, 1945.

The defendants consistently have interpreted the Wyoming Surplus Water Law to the end that each water right with a priority date of March 1, 1945 or earlier, is entitled to divert water in the volume of two cubic feet per second of time for each 70 acres of land before any water is made available to the holder of a water right with a priority date after March 1, 1945. If there is not sufficient water to furnish two cubic feet per second to each pre-March 1, 1945 water right, but more than enough to furnish one cubic foot per second to each of such rights, then the surplus water is divided among those rights on a pro rata basis. If there is so little water that each pre-March 1, 1945 right cannot receive one cubic foot per second, they are regulated on a strict priority basis. Should there be sufficient water to furnish two cubic feet per second for each 70 acres of land to the pre-March 1, 1945

water rights and to furnish one cubic foot per second for each 70 acres of land for the post-March 1, 1945 water rights, and should there be excess water beyond that, it is allowed to the post-March 1, 1945 appropriators up to the extent of two cubic feet per second of time for each 70 acres. This interpretation, consistently applied by the State Engineer, was supported by an opinion of the Wyoming Attorney General dated May 4, 1964. 1964 Op.Wyo.Att'y Gen., No. 29, p. 373. No legislative change in the statute has been made since 1945.

This interpretation was applied to Fish Creek and the water right of Budd, and upon the demand for regulation by the owners of a pre-March 1, 1945 water right, there has been regulation of Budd's appropriation to the end that he has been denied water pursuant to it. The parties agreed that this had been the situation in the past, and that the same interpretation and regulatory action would occur in the future. Both Budd and the State Engineer testified at the hearing which was held in this case. Their testimony furnishes some additional background for but does not change the parties' stipulation. Budd did testify that at one time he had discussed purchasing all or part of water storage in a particular reservoir but had not done so. Budd also testified that he does hold water rights with dates of priority prior to March 1, 1945.

There was some speculation with respect to the legislative history surrounding the Wyoming Surplus Water Law. As is generally true in Wyoming, the legislative history was more speculation than it was fact. The legislative history is not as significant in connection with this appeal as it was at the trial because in this Court Budd no longer is asserting an improper construction of the statute. Budd here simply urges that the statute as construed and applied is unconstitutional.

In this appeal Budd asserts five bases for the unconstitutionality of the

Wyoming Surplus Water Law.[1] We note that in the brief which was filed in this Court, Budd, to support some of these grounds, adopted by reference arguments and authorities cited in his trial brief. This technique is not an appropriate way to comply with Rule 12 of the Rules of this Court, and although we have noticed those matters in this case, we make clear that, since only one copy of trial briefs is encompassed within a record, the Court normally would refuse to notice matters not properly presented by the filing of six briefs in accordance with our rules.

■ The proponent of the unconstitutionality of a statute assumes a heavy burden when he seeks that determination in the judicial branch of our government. There is a strong presumption of constitutionality. *State v. Stern,* Wyo., 526 P.2d 344 (1974); *State ex rel. Board of Commissioners of Laramie County v. Wright,* 62 Wyo. 112, 163 P.2d 190 (1945); *Farm Investment Co. v. Carpenter,* 9 Wyo. 110, 61 P. 258, 50 L.R.A. 747, 87 Am.St.Rep. 918 (1900). This Court has said a number of times that it will not pass upon the constitutionality of a statute when the case can be completely and effectively disposed of without reaching the constitutional point, and that it will not inquire into the constitutional questions unless it is necessary to dispose of the case. E. g., *Pan*

*American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission,* Wyo., 446 P.2d 550 (1968); *State ex rel. Fire Fighters Local 279, I.A.F.F. v. Kingham,* Wyo., 420 P.2d 254 (1966); *Marion v. City of Lander,* Wyo., 394 P.2d 910 (1964), cert. den., 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810 (1965), reh. den., 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed. 2d 283 (1965); *Gorrell v. City of Casper,* Wyo., 371 P.2d 835 (1962); *Tavegia v. Bromley,* 67 Wyo. 93, 214 P.2d 975 (1950); *In re Sheridan County Power Dist.,* 61 Wyo. 365, 157 P.2d 997 (1945).

■ A corollary of this latter rule is the proposition that a party who asserts the violation of a constitutional provision by a legislative enactment must show an adverse effect upon his rights. E. g., *Doe v. Burk,* Wyo., 513 P.2d 643 (1973); *Johnson v. Schrader,* Wyo., 507 P.2d 814 (1973); *Mahaney v. Hunter Enterprises, Inc.,* Wyo., 426 P.2d 442 (1967); *Powers v. City of Cheyenne,* Wyo., 435 P. 2d 448 (1967), reh. den., 436 P.2d 961 (1967); *Walgreen Co. v. State Board of Equalization,* 70 Wyo. 193, 246 P.2d 767 (1952); *Campbell v. Wyoming Development Co.,* 55 Wyo. 347, 100 P.2d 124 (1940), reh. den., 55 Wyo. 347, 102 P.2d 745 (1940). No one is entitled to present a claim that a particular statute is unconstitutional as to other persons or classes of persons, but

---

1. These can be identified as follows:

   1) Reading Art. 1, § 31 of the Constitution of the State of Wyoming as emphasizing the requirement of Art. 1, § 34, that all laws of a general nature shall have uniform operation, Budd contends that this is a law of a general nature which does not have a uniform application, and that it manifests a departure by the State from the requirement that in providing for the use of the waters of the state the state shall equally guard all the various interests involved. This is the major premise of Budd's position.

   2) The Surplus Water Law is unconstitutional because it violates the provisions of Art. 8, § 2 of the Wyoming Constitution in that it represents an invasion by the Legislative Branch of the Government of a constitutional prerogative afforded to the Executive Branch of the Government.

   3) Since the Wyoming Surplus Water Law relates only to direct flow water rights and does not extend to storage water rights, it violates Art. 1, § 35 of the Wyoming Constitution in that it impairs the obligations of contracts.

   4) The Wyoming Surplus Water Law violates Art. 8, § 3 of the Wyoming Constitution, which constitutionally provides that priority of appropriation for beneficial uses shall give the better right, and the Wyoming Surplus Water Law creates a system which grants a uniform priority to a number of rights, which is not what the system contemplates.

   5) Budd also contends that the Wyoming Surplus Water Law is void because it is unconstitutionally vague.

he must demonstrate injury to his own rights. E. g., *Mahaney v. Hunter Enterprises, Inc.*, supra; *In re Edelman's Estate*, 68 Wyo. 30, 228 P.2d 408 (1951); *State ex rel. Riverton Valley Drainage Dist. v. Cole*, 43 Wyo. 209, 299 P. 1040 (1931); *Salt Creek Transp. Co. v. Public Service Commission of Wyoming*, 37 Wyo. 488, 263 P. 621 (1928); *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981 (1918).

■■■ This latter rule resolves Budd's contention that the statute violates Art. 1, § 35 of the Wyoming Constitution in relation to those who hold water rights for the storage of water because Budd does not own storage rights. It also disposes of another contention of Budd that there is a violation of Art. 8, § 3 of the Wyoming Constitution because the one cubic foot per second adjudicated in favor of existing rights by the Wyoming Surplus Water Act resulted in such additional water rights bearing an identical priority date. Budd argues that this result violates the requirement that priority of appropriation gives the better right. Only prior appropriators, not subsequent ones, could be injured by this provision in the statute. While Budd apparently is a prior appropriator he has not relied upon that status for purposes of this action.

■■■ Since Budd cannot attack the constitutionality of this statute on the ground of injury to rights of others, we must identify the fact and nature of any injury to Budd's rights which resulted from the enactment of the Wyoming Surplus Water Law. We conclude that there was no such injury, and for this reason Budd does not have standing to challenge the constitutionality of the statute. While we are disposed to follow the general rule that the judgment of the district court will be sustained if it is correct on any ground, e. g., *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 540 P.2d 535 (1975); *Heyl v. Heyl*,

Wyo., 518 P.2d 28 (1974); *Miller v. Hedderman*, Wyo., 464 P.2d 544 (1970); *In re Romer*, Wyo., 436 P.2d 956 (1968), we note that the judgment and conclusions of law of the district court affirmatively uphold the constitutionality of the Wyoming Surplus Water Law. Because in our view the constitutionality of the statute could not be reached, we believe it is necessary, in order to honor the concept of judicial restraint as to constitutional issues, that this case be remanded for the purpose of deleting the conclusions of law from the judgment, and entering new conclusions of law to the effect that the action is dismissed because Budd does not have standing to raise the constitutional question.

Pursuant to Art. 8, § 2 of the Constitution of the State of Wyoming and the statutes adopted by the Wyoming Legislature,[2] water rights are perfected by the filing of an application for a water permit which then is adjudicated to the applicant by the Board of Control after the Board has determined that the applicant does have such a right by beneficial use. The right of a citizen of Wyoming to appropriate water for purposes of irrigation is defined and limited by these statutes, including the ones that Budd here alleges to be unconstitutional. Each appropriator, in turn, takes his right subject to the rights of any prior appropriators from the stream. We have heretofore recognized that those rights are real property rights which become vested as of the time the application for appropriation is filed, if the right is adjudicated. *King v. White*, Wyo., 499 P.2d 585 (1972); *Whalon v. North Platte Canal and Colonization Co.*, 11 Wyo. 313, 71 P. 995 (1903). Budd's water right identified as Permit No. 21784 was adjudicated to him in accordance with these statutes which together with the rights of prior appropriators limit and define Budd's right. We hold that it was im-

---

2. See generally §§ 41–2 through 41–25, W.S. 1957, 1975 Cum.Supp., and §§ 41–41 through 41–75, W.S.1957, 1975 Cum.Supp. More specifically, see §§ 41–148 through 41–216, W.S. 1957, 1975 Cum.Supp.

possible for Budd's right to be injured by the Wyoming Surplus Water Law because he never obtained any right greater than the one authorized by the statute, which he seeks to attack. Under those circumstances there could be no injury to Budd. Cf., *May v. Penton,* 45 Wyo. 82, 16 P.2d 35 (1932).

The record also demonstrates that Budd accepted the benefits of the water right adjudicated to him pursuant to this statute, among others, for a period of 17 years before instituting this action. We previously have held that one may not obtain benefits under a statute and later question its validity. *State ex rel. Fire Fighters Local 279, I.A.F.F. v. Kingham,* supra. Other courts have applied this rule in a variety of circumstances. E. g., *Pierce Oil Corporation v. Phoenix Refining Co.,* 259 U.S. 125, 42 S.Ct. 440, 66 L.Ed. 855 (1922); *Sacramento County v. City of Sacramento,* 75 Cal. App.2d 436, 171 P.2d 477 (1946); *State ex rel. Nielson v. City of Gooding,* 75 Idaho 36, 266 P.2d 655 (1954); *City of Fargo v. Annexation Review Commission,* N.D., 123 N.W.2d 281 (1963); *St. Louis Public Service Company v. City of St. Louis,* Mo., 302 S.W.2d 875 (1957). Not only has Budd accepted the benefits of the statute as a post-March 1, 1945 appropriator, but he has received the benefits provided by the statute as a pre-March 1, 1945 appropriator. In other words, a determination that the statute is constitutional would be beneficial to Budd's pre-March 1, 1945 water rights, while a holding of unconstitutionality would improve his post-March 1, 1945 water right. We question the advisability of affording standing to present a constitutional challenge of a statute to one who will benefit from a decision that the statute is constitutional.

■ Budd's lack of standing to attack the constitutionality of the statute does not leave him without a remedy. Budd argues in this Court, and the record affords some support to that argument, that there is a real possibility that water appropriated by water users within the State of Wyoming is not always beneficially used. If, in fact, Budd's post-March 1, 1945 right is being limited because prior appropriators are wasting water, the law in Wyoming affords him the opportunity to challenge those prior water rights. The water right of any appropriator is limited to beneficial use, and, even though a larger amount of water has been adjudicated, the water right is subject to reduction if not applied for beneficial purposes.

The judgment of the district court is affirmed for the reasons herein set forth, but the case is remanded for the purpose of entering judgment and conclusions of law in accordance with the views herein expressed that Budd had no standing to attack the constitutionality of the statute.