**The STATE of Utah, Plaintiff and Respondent,**

v.

**Steven Craig TURNER, Defendant and Appellant.**

**No. 14591.**

Supreme Court of Utah.

Nov. 28, 1977.

---

5. *McCoy v. Severson*, 118 Utah 502, 222 P.2d 1058 (1950).

Sumner J. Hatch of Hatch, McRae & Richardson, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

At a jury trial in the District Court for Salt Lake County, Defendant Steven Craig Turner was found guilty of aggravated robbery, under Utah Code Ann.1953, Sec. 76-6-302, as amended in 1975. Defendant was sentenced to the indeterminate term of five years to life in prison. On appeal, defendant contends that: (1) Sec. 76-6-302 is unconstitutionally vague as applied in the instant case; and (2) The instructions given to the jury by the district court are conflicting and contradictory. Based on these contentions, defendant seeks reversal of his conviction or, in the alternative, that the case be remanded for a new trial. Affirmed. No costs awarded.

The record discloses the following undisputed facts. On July 22, 1975, Gerald Graham, an employee at Dan's Foodtown, was ordered by a man to place some of the store's money in a brown paper bag. The man repeatedly warned Mr. Graham that if he did not do as he was told, he would get "blasted." Defendant was arrested on the same day of the incident, and, on the following day, he was identified by Mr. Graham as the man who had robbed him. Defendant was charged with aggravated robbery and trial was held on April 14 and 15, 1976. According to Mr. Graham's testimony, one to two inches of a gun barrel was protruding from underneath defendant's shirt throughout the robbery. On cross-examination, Mr. Graham admitted that the object which he saw had no sight on it. He further testified that what he saw could be described as a small, shiny cylinder, but, during the robbery, he felt sure it was a gun. No gun was found. The jury returned a verdict of guilty as charged.

Defendant, as noted above, first contends that Sec. 76-6-302, supra, is unconstitutionally vague as applied in the instant case. Specifically, defendant asserts that the vagueness arises from the Court's instructions interpreting the word "facsimile," when used in the statutory language, "facsimile of a firearm." The language of this section, in relevant part, is as follows:

(1) A person commits aggravated robbery if in the course of committing robbery, he:

(a) Uses a firearm or a *facsimile of a firearm*, knife or a facsimile of a knife <u>or a deadly weapon</u>; [Emphasis added.]

Two instructions in question are set out as follows:

Instruction no. 11: You are instructed that a facsimile is defined as: An *exact* and *precise copy* of anything. An exact reproduction, for example, the signature reproduced by a rubber stamp. [Emphasis added.]

Instruction no. 12: You are further instructed that *a facsimile of a firearm is any instrument that by its appearance resembles a firearm.* [Emphasis added.]

The question presented, then, is whether instructions no. 11 and no. 12 make the statutory phrase, "facsimile of a firearm," so vague as to make the statute unconstitutional as applied in this case.

A test used in the judicial determination of vagueness in statutory words or phrases was laid down in *Greaves v. State*, Utah, 528 P.2d 805, 807 (1974), which stated:

. . . a statute will not be declared unconstitutional for that reason [vagueness] if under any sensible interpretation of its language it can be given practical effect. The requirement is that it must be sufficiently clear and definite to inform persons of ordinary intelligence what their conduct must be to conform to its requirements and to advise one accused of violating it what constitutes the offense with which he is charged.

Defendant finds instruction no. 11 acceptable: It defines "facsimile" as an "exact and precise copy." However, defendant makes the argument that instruction no. 12, which provides that "a facsimile of a firearm is any instrument that by its appearance resembles a firearm," expands the meaning of "facsimile" beyond its proper definition. We do not agree.

*Websters New Unabridged Dictionary, Second Addition*, defines "facsimile" as: "1. Act of making copy, *imitation.*" (Emphasis added.) One case, *People v. Delgardo*, 1 Misc.2d 821, 146 N.Y.S.2d 350 (1955), has defined the word imitation:

The word imitation when applied to pistols and revolvers means so nearly resembling the genuine as to mislead, with the apparent object of producing, and likely to produce, upon the minds of those against whom it is to be used, the belief that the imitation weapon is capable of producing all the injurious consequences to the victim as the use of the genuine article itself. [146 N.Y.S.2d at p. 356]

The New York Court's definition of imitation, a synonym of "facsimile," is substantially the same as the definition of the term "facsimile of a firearm" given by the District Court in the instant case. We find the Court's instruction no. 12 to be a "sensible interpretation" of the statutory language in accordance with the *Greaves* standard above. And we do not perceive sufficient tension between the definitions of "facsimile" in instruction nos. 11 and 12 to constitute defective vagueness.

Defendant's second contention is that the instructions noted above, as well as other instructions, given to the jury by the District Court are conflicting and contradictory so as to constitute prejudicial error. The instructions in question are set out as follows:

Instruction no. 8: . . . A person commits an aggravated robbery, which is a first degree felony, if, in the course of committing a robbery, *that person uses a deadly weapon.* A deadly weapon means anything that in the manner of its use or intended use is likely to cause death or serious bodily injury.

Instruction no. 9: You are instructed that *a firearm is not a deadly weapon unless it is loaded* . . . if from the evidence you have a reasonable doubt as to whether or not the gun testified to in this case was loaded, you must find the defendant not guilty of aggravated robbery and consider the lesser included offense of robbery.

Instruction no. 13: You are further instructed that before you can convict the

defendant of the crime of aggravated robbery, as charged in the information, you must find from the evidence beyond a reasonable doubt . . .

4. That in the course of taking said money or property the defendant, Steven Craig Turner, *used a deadly weapon consisting of a firearm or a facsimile of a firearm.* [Emphasis added.]

The information charged:

That the said Steven Craig Turner at the time and place aforesaid, robbed Jerry Graham, and in so doing, *used a deadly weapon,* to wit: a gun or facsimile thereof. [Emphasis added.]

The above instructions and the language of the information are both articulated in terms of Sec. 76–6–302, enacted in 1973, which did not speak of any weapon other than "deadly weapon." Under the amended statute, enacted in 1975, under which defendant was charged, the object used in commission of aggravated robbery may be a deadly weapon; but if the object used is a firearm, it need not be loaded, and if the object is a facsimile of a firearm, it need only meet the standard expressed above. Thus, the instructions given, although somewhat inconsistent and although they require more than does the amended statute in this case, are if anything, error in favor of the defendant. *State v. Bennett,* 30 Utah 2d 343, 517 P.2d 1029 (1973).

The standard by which prejudicial error is determined was recently stated in *State v. Winkle,* Utah, 535 P.2d 82 (1975) by this Court:

. . . our statutory and firmly established decisional law is that this Court should not reverse a case and require a new trial merely because there has been some error or irregularity, but only if it is substantial and prejudicial in that it has resulted in an injustice, or at least that there is a reasonable likelihood that in its absence there would have been a result more favorable to the complaining party. [at p. 83]

The defendant does not meet the test for prejudicial error set out above. Therefore, we cannot agree with defendant's assertion that prejudicial error, resulting from the Court's instructions, was committed.

ELLETT, C. J., CROCKETT and MAUGHAN, JJ., and HENRIOD, J., Retired, concur.

HALL, J., having disqualified himself, does not participate herein.