159 N.J. Super. 347 (1978)
387 A.2d 1263
BOARD OF EDUCATION OF PISCATAWAY TOWNSHIP, A PUBLIC BODY OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JOSEPH CAFFIERO, MRS. JOSEPH CAFFIERO, HIS WIFE, JAY CAFFIERO, DANIEL O'DONNELL, MRS. DANIEL O'DONNELL, HIS WIFE, FRANCIS O'DONNELL, DEAN MARTONE, MRS. DEAN MARTONE, HIS WIFE, AND DEAN MARTONE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 4, 1978.
*348 Mr. David B. Rubin for plaintiff Board of Education of Piscataway Township (Messrs. Rubin, Lerner & Rubin, attorneys).
Mr. James D. Martin and Leonard F. Rappa for defendants Caffiero (Messrs. Lynch, Mannion & Lewandowski and Monico and Rappa, attorneys).
Mr. A. Herbert D'Amico for defendants O'Donnell.
STROUMTSOS, J.S.C.
Plaintiff Piscataway Board of Education (board) brought this action against defendants, students who were enrolled in its school system, and their respective parents. The board seeks to recover for the damage done to one of its schools by the student-defendants and now moves for summary judgment against the parents, asserting that they are liable for such damage under N.J.S.A. 18A:37-3.
For the purpose of this motion defendant-parents Caffiero and O'Donnell admit to the property damage as alleged by the board but deny any wrongdoing on their part, and therefore oppose the motion on constitutional grounds.
N.J.S.A. 18A:37-3 provides:
The parents or guardian of any pupil who shall injure any school property shall be liable for damages for the amount of the injury to be collected by the board of education of the district in any court of competent jurisdiction, together with costs of suit.
In support of its motion plaintiff relies on Palmyra Bd. of Ed. v. Hansen, 56 N.J. Super. 567 (Law Division 1959), and decisions of other jurisdictions which upheld the constitutionality of statutes imposing strict liability upon parents for damage caused by the wilful misconduct of their infant children, citing Watson v. Gradzik, 34 Conn. *349 Supp. 7, 373 A.2d 191 (Ct. Spec. App. 1974); General Ins. Co. of America v. Faulkner, 259 N.C. 317, 130 S.E.2d 645 (Sup. Ct. 1963); Kelly v. Williams, 346 S.W.2d 434 (Tex. Civ. App. 1961), and Mahaney v. Hunter Enterprises, Inc., 426 P.2d 442 (Wyo. Sup. Ct. 1967).
In Palmyra, supra, the court held that N.J.S.A. 18:14-51, predecessor to N.J.S.A. 18A:37-3, was constitutional. In so holding the court said that since the Legislature confers benefits on the people by way of free education, it can impose conditions under which such benefits shall be provided. Pursuant to this determination the court reasoned that no constitutional rights were violated in imposing as a condition strict vicarious liability on a parent since he always had the alternative of sending his child to a private school should he be unwilling to accept that condition.
This court does not agree with the Palmyra decision. The deficiency in that court's reasoning is its failure to recognize that education for children between the ages of 6 and 16 is compulsory in our State, N.J.S.A. 18A:38-25, and a parent who fails to see that his child attends school may be deemed a disorderly person subject to a fine, N.J.S.A. 18A:38-31. Furthermore, it cannot be said that all parents whose children attend public schools are able to afford to send their children to private schools. In view of this fact, it would be unreasonable to assume that those who are unable to choose between public and private education voluntarily accept the condition of strict vicarious liability in every instance. Consequently, this court is of the opinion that an affirmance of Palmyra would impose a significant injustice upon those parents who are not free to elect where their children shall be educated. To hold otherwise would constitute discrimination against this class of parents, with no rational basis therefor.
The unlimited liability of a parent, regardless of fault, for the wrong committed by his child, as imposed by N.J.S.A. 18A:37-3, is simply grounded on the parent-child relationship, and as such cannot withstand constitutional attack. *350 The cases above cited in other jurisdictions relied upon by plaintiff are not relevant to the issue herein since the statutes in those cases fixed a monetary limit on potential parental liability. It has been suggested that these enactments were intended as penalties rather than full compensation to the injured party for the property damage done by the child. See Corley v. Lewless, 227 Ga. 745, 182 S.E.2d 766 (Sup. Ct. 1971); Corley and Doe v. Trenton, 143 N.J. Super. 128 (App. Div. 1976), aff'd per curiam 75 N.J. 137 (1977), lend support to this court's conclusions. In Corley the Supreme Court of Georgia held unconstitutional a statute which read:
Every parent or other person in loco parentis having the custody and control over a minor child or children under the age of 17 shall be liable for the wilful and wanton acts of said minor child or children resulting in death, injury or damage to the person or property, or both, of another.
The court interpreted this statute to impose vicarious tort liability solely on the basis of the parent-child relationship. It further determined that liability would attach pursuant to the statute even where the parent was entirely free from negligence or fault, or where he had no knowledge of his child's tortious conduct. In arriving at its decision that court affirmed its prior holding in Lloyd Adams, Inc. v. Liberty Mut. Ins. Co., 190 Ga. 633, 641, 10 S.E.2d 46, 51 (1940), where it stated:
To allow any recovery on the basis stated by the statute would deprive the defendant of property without due process of law, would authorize a recovery without liability, and would compel payment without fault.
In Doe, supra, the court on constitutional grounds invalidated the City of Trenton's "parent responsibility ordinance." This ordinance created a presumption that a parent was responsible for the misbehavior of his child who twice within one year was adjudged guilty of acts defined as violations *351 of the public peace. In holding this ordinance unconstitutional the court said that there was no rational basis for such presumption. The court concluded (at 132) that juvenile misconduct is "complex and imperfectly understood" and approvingly quoted from the Comment, "Parental Responsibility Ordinance  Is Criminalizing Parents When Children Commit Unlawful Acts a Solution to Juvenile Delinquency?" 19 Wayne L. Rev. 155, 157 (1973), as follows:
The family is just one of the numerous interrelated forces including schools, housing, recreation, community life, employment and the juvenile justice system itself which influence a juvenile toward or away from a life of delinquency. [Footnote omitted]
And in conclusion the court said:
* * * While Euripides reminds us that the gods often visit the iniquities of the fathers upon the children, we are not yet prepared to say that the converse ought to be so. [143 N.J. Super. at 133]
This court holds that N.J.S.A. 18A:37-3 is unconstitutional and therefore void for the reason that it deprives a parent of due process of law by imposing upon him unlimited liability, regardless of fault, for the wrong committed by his child solely on the basis of the parent-child relationship.
Plaintiff's motion is denied.