**GOSHEN COUNTY COMMUNITY COL-
LEGE DISTRICT, State of Wyoming,
a body corporate, Plaintiff,**

**v.**

**SCHOOL DISTRICT NO. 2, School District
No. 3, School District No. 7, and School
District No. 10, all in GOSHEN COUNTY,
Wyoming, and Ross Baker, George P.
Sawyer, Clyde Garrett, and Alta R. House,
individually and as representatives of the
taxpayers in Goshen County Community
College District, a class to which they be-
long, Defendants.**

No. 3393.

Supreme Court of Wyoming.

Feb. 12, 1965.

Robert R. Rose, Jr., Casper, Donald E. Jones, Torrington, for plaintiff.

Stanley K. Hathaway, of Hathaway & Sigler, Torrington, for defendants.

Before PARKER, C. J., and HARNS-BERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The Goshen County Community College District, plaintiff, has brought an action for declaratory judgment to determine whether it is entitled to a 2-percent bonding-indebtedness capacity, under § 21–449 (m), W.S.1957, separate and apart from the 10-percent limitation provided for school districts in Art. 16, § 5, Wyoming Constitution.

Section 21–449(m) specifically provides that a community college district may incur an indebtedness not exceeding 2 percent of its assessed valuation, separate and apart from and in addition to the 10-percent limitation provided for school districts. The District Court of Goshen County, in which the action is pending, has reserved to us the important and difficult constitutional question involved, i. e., whether § 21–449(m) is unconstitutional insofar as it allows a debt limit of 2 percent for a community college district in addition to the 10-percent constitutional limitation allowed for school districts.

Article 16, § 5, as amended in 1962, fixes a debt limit for cities and towns and a debt limit for counties. With respect to school districts it provides:

"No school district shall in any manner create any indebtedness exceeding ten per cent (10%) on the assessed value of the taxable property therein for the purpose of acquiring land, erection, enlarging and equipping of school buildings."

This presents the question as to whether a community college district, as referred to in Title 21, Ch. 11, §§ 21–445 to 21–455, W.S.1957, and in the amendments thereto, is embraced within the meaning of a "school district," as that term is used in Art. 16, § 5, of the state constitution.

In most cases where the question has arisen universities, colleges and junior colleges have been held not to be a part of the common school or public school system, within the meaning of constitutional and statutory provisions pertaining to schools in general. See Annotation 113 A.L.R. 697, 710; 55 Am.Jur., Universities and Colleges, § 2, p. 3; and Pollitt v. Lewis, 269 Ky. 680, 108 S.W.2d 671, 674, 113 A.L.R. 691.

We take judicial notice of the fact that community colleges and junior colleges were not authorized or created in Wyoming until 1951. When our state constitution was adopted in 1890, it was provided in Art. 7, § 1, Wyoming Constitution, that the legislature shall provide for the establishment and maintenance of a complete and uniform system of public instruction, embracing free elementary schools of every needed kind and grade, a university with such technical and professional departments as the public good may require and the means of the state allow, "and such other institutions as may be necessary."

In giving consideration to the various categories of schools referred to in Art. 7, § 1, it is entirely clear that community colleges can only come under the category of such other institutions as may be necessary. It is also clear that when the legislature authorized the establishment of community colleges and provided for community college districts, it intended such districts to be something separate and apart from a "school district," as this term is used in Art. 16, § 5.

Under separate numbers we point out some of those things which show the legislative intent in that regard:

1. In the first place, § 21–449(m) expressly stated the legislative intent in these words:

"* * * The two per-cent (2%) limitation above referred to shall be the limitation applicable to subdivisions of a county and shall be separate and apart from and in addition to the ten per cent (10%) limitation of indebtedness as provided for by the constitution and laws of Wyoming for school districts. * * *"

2. Section 21–445(b), W.S.1957, defines a community college district as a body

corporate established under the act as a subdivision of a county or counties or parts of counties which may establish and maintain a community college.

3. Section 21-445(e), W.S.1957, defines "school districts" (as used in the community college act) as any school district established pursuant to the laws of this state including but not restricted to school districts, first-class school districts, and high school districts. Community college districts were not expressly or impliedly included.

4. Section 21-446(a), W.S.1957, as amended by Ch. 223, § 1, S.L. of Wyoming 1961, provides that *the territory of* a community college district may be comprised of one school district or several school districts.

5. According to § 21-449(s), W.S.1957, a community college district board is authorized to make contracts with high school and other "school districts" of the state.

Article 16, § 5, as originally contained in the Constitution of Wyoming, fixed a debt limit for cities, towns, villages, subdivisions thereof, and subdivisions of counties. The term "school district" was first incorporated in this article and section by an amendment adopted in 1920. This amendment provided that any school district may be authorized to create an additional indebtedness, not exceeding 4 percent on the assessed value of the taxable property therein. The limit of 4 percent for school districts was raised to 8 percent by a further amendment adopted in 1954. It was again raised from 8 percent to 10 percent by the 1962 amendment.

█ It is to be noted that there is no constitutional definition of the term "school district," as used in Art. 16, § 5, and nothing is contained in the constitution which is explanatory in that regard. We must assume, therefore, that the term was used in its ordinary sense, as it would have been understood when first used in the 1920 amendment. At that time there were no community colleges or community college districts.

█ If we turn again to Art. 7, § 1, and take into consideration that the legislature has blanket authority and unlimited constitutional power to provide for the establishment and maintenance of a complete and uniform system of public instruction, embracing "such other institutions" as may be necessary, it becomes apparent that when the legislature chose to provide for community colleges, in 1951, it could have placed these institutions either within or outside the jurisdiction of existing school districts.

The legislature having chosen and having expressly provided, as we have already indicated, for the establishment of community colleges and community college districts as something apart from and in addition to existing school districts, and there being no constitutional restriction to prevent the legislature from so doing, we must consider § 21-449(m) constitutional, insofar as it allows a community college district to incur an indebtedness of 2 percent of its assessed valuation separate and apart from the 10-percent limitation of indebtedness for school districts, as provided in Art. 16, § 5.

The defendants, who are taxpayers in Goshen County and also the school districts embraced in the territorial boundaries of the Goshen County Community College District, rely primarily on Ericksen v. School Dist. No. 2 of Natrona County, 67 Wyo. 216, 217 P.2d 887, as authority for the proposition that where a high school district embraces more than one school district, each of the districts does not have its own separate limitation of bonded indebtedness and the debts of both districts, when entered together, cannot exceed the debt limitation for a school district. They argue from this that the same rule which applies to a high school district should also apply to a community college district.

It is true Justice Blume, in writing the majority opinion for the Ericksen case, stated a school district as ordinarily understood includes a high school. That is not to say, however, that a school district, as

ordinarily understood when the 1920 amendment was adopted to Art. 16, § 5, would include a community college. Actually, the majority opinion in the Ericksen case is authority for the position taken by us in the case at bar, because the Ericksen opinion turns on the matter of legislative intention.

At 217 P.2d 888–889, Justice Blume pointed out that it was not necessary, in the Ericksen case, to decide whether even a high school district may be superimposed in whole or in part upon an ordinary school district with an independent-debt limit, because the Ericksen case could be disposed of by considering statutory provisions. The question there, he said, was whether the "legislature intended" that a school district can, for the purpose of creation of debt, be considered as consisting of component parts.

The statute involved in Ericksen specifically provided that no bonds should be issued beyond the united-bonding capability of *the territory embraced* within such district. The majority of the court was of the opinion that the legislature should be presumed to have had in mind that none of the territory embraced in a high school district could be bonded for more than the prescribed school-district limit.

We have made it amply clear, in the instant case, that the legislature has expressly and unequivocally provided that the 2-percent debt limitation authorized for community college districts shall be separate and apart from the limitation prescribed for school districts.

■ The question of the district court as to whether § 21–449(m) is unconstitutional, insofar as it allows a community college district to incur an indebtedness not exceeding 2 percent of its assessed valuation, separate and apart from the 10-percent limitation of indebtedness for school districts, is answered in the negative. In other words, the section is not unconstitutional.

■ The answer given necessarily implies a negative answer to another question propounded by the district court with respect to whether a community college district is a "school district" within the provisions of Art. 16, § 5.

GRAY, J., not participating.