Robert C. **ELMER**, Appellant
(Defendant below),

v.

**STATE** of Wyoming, Appellee
(Plaintiff below).

No. 3784.

Supreme Court of Wyoming.

March 13, 1970.

Ernest Wilkerson, Casper, for appellant.

## ON PETITION FOR REHEARING

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

PER CURIAM.

Defendant has petitioned this court for a rehearing of his appeal, claiming that from the decision of the court in Elmer v. State, Wyo., 463 P.2d 14, two elemental rights of the defendant have been invaded and vitiated: (1) to have untampered-with witnesses testify on his behalf and (2) to have a jury decide his case without any influence whatsoever on it except the consideration of the facts adduced at the trial and the application to those facts of the law as given by the judge in his instructions at the conclusion of the case. Relative to the challenged instruction defendant now says that "we have here a case in which the jury deliberated for nearly twelve hours and then at the jury's initiative, and not at the judge's as the opinion indicates, returned to the courtroom to report themselves hopelessly deadlocked and requested to be discharged * * *. What happened was that the presiding judge, counsel, and the parties were at their homes when telephoned by the bailiff to inform them that the jury had requested to report."

Naturally, we are aware of the common lament that the filing of a petition for rehearing is quixotic or an exercise in futility. Although such plaint is not always without foundation, the reasons for non-

success need to be faced. Sometimes it springs from the court's lack of proper analysis or even from perverseness, but more often a petition is sponsored in the overenthusiasm of appellant's counsel, whose solicitude for the client accounts for a procrustean approach in the appeal, accelerated by the time request for rehearing is made.

■ Rule 14, Rules of the Supreme Court, does not specify the grounds upon which a rehearing will be granted, and this is true in most jurisdictions,[1] but it is basic that a rehearing will not be allowed merely for the purpose of reargument unless there is a reasonable probability that the court may have arrived at an erroneous conclusion or overlooked some important question or matter necessary to a correct decision. Moreover, we have often stated the circumstances under which rehearings will not be granted; and it is definitely established that where all the facts presented have been duly considered by the court and the application presents no new facts but simply reiterates the arguments made on the hearing, and is in effect an appeal to the court to review its decision on points and authorities already determined, a rehearing will be refused. Olds v. Hosford, Wyo., 354 P.2d 947, 359 P.2d 406; Braten v. Baker, 78 Wyo. 273, 323 P.2d 929, 325 P.2d 880.

■■ The two grounds presented in this application for rehearing, the claimed impropriety of interviewing witnesses and the giving of the instruction, are premised entirely on the view that the trial court's action in each instance was erroneous. Such is inconsistent with our opinion, which stated clearly that they were not erroneous and in detail explained the reasons for the holdings. As to the events which happened in the trial court immediately preceding the giving of the instruction now challenged,

the transcript of the trial proceedings covering the time when the jury appeared before the court shows none of the occurrences which counsel now by aliunde statement would have us take into account. Even the affidavit of the juror, Mrs. Penton, filed after the verdict and judgment and designed to impeach them, does not show that the jury reported to the court that they were deadlocked. It is elementary that matters not appearing in the record cannot be considered on appeal. Braten v. Baker, supra, 325 P.2d 880. Accordingly, the petition for rehearing must be denied.

Denied.

McINTYRE, Justice (dissenting).

The petitioner, in his petition for rehearing, points out that our original opinion seems to withhold approval of acts complained of by appellant, when police interviewed defendant's witnesses; and that such opinion indicates the "best administration of justice" requires different procedures in the matter of steps taken by the state to interview witnesses of the defendant.

Petitioner also points out that our original opinion states, with respect to the socalled Allen charge which defendant complains of, that "we do not commend or even approve the giving of this type of instruction after the jury has been engaged in deliberation."

We, of course, need to be careful about saying procedures are wrong but not prejudicial unless it is clear why appellant has not been prejudiced. Also, there may be a seeming contradiction to say we do not "approve" the giving of an instruction like the Allen charge *after* the jury has engaged in deliberation, when we in effect do "approve" such procedure by affirming the verdict of guilty.

---

1. Louisell and Degnan, Rehearing in American Appellate Courts, 44 Cal.L.Rev. 627, 633.

Justice McEwan and I suggested in our concurrence with the original opinion that trial judges ought to be directed that henceforth, if a charge is given to a deadlocked jury, it should be consistent with the standards suggested by the American Bar Association, which standards are set forth in United States v. Brown, 7 Cir., 411 F.2d 930, 933–934.

Petitioner argues that the effect of the court's main opinion and the concurring opinion is to say, at least impliedly, that future defendants are to be protected against witness harassment by peace officers, and protected against the giving of an Allen type of instruction after the jury has been engaged in deliberation; however, that the defendant in this case is not to have such protection.

It needs to be made clear, I am not contending at this point that our decision should be altered. I am of the opinion, however, that petitioner has shown enough to justify a rehearing. Accordingly, I would grant the rehearing.