499 P.2d 270

**COTTONWOOD CITY ELECTORS OF the PROPOSED TOWN OF, Plaintiffs and Appellants,**

**v.**

**SALT LAKE COUNTY BOARD OF COM- MISSIONERS et al., Defend- ants and Respondents.**

**No. 12748.**

Supreme Court of Utah.

July 6, 1972.

M. Richard Walker, of Hunt & Walker, Salt Lake City, for plaintiffs-appellants.

Carl Nemelka, County Atty., of Salt Lake County, Robert D. Crofts, Asst. County Atty., of Salt Lake County, Salt Lake City, for defendants-respondents.

CROCKETT, Justice:

This case involves the rejection by the Salt Lake County Commission of a petition to incorporate a town to be known as Cottonwood City in the southeast environs of Salt Lake City. A group of the residents of an area adjoining what is known as the Cottonwood Mall Shopping Center filed a petition for that purpose with the County Commission. Upon appropriate notice a public hearing was held by the Commission on October 4, 1971. The views of proponents and opponents of the proposal were duly presented, considered, and the petition denied. The petitioners then brought a proceeding in the district court to mandamus the granting of their petition, and that failing, pursued this appeal.

The statute which the petitioners rely on and which is applicable to the problems here involved is Sec. 10–2–6, U.C.A. 1953:

Whenever a majority of the *electors* of any unincorporated town having a population of not less than one hundred and less than seven thousand desire to have said town incorporated they may file a petition for the purpose with the board of county commissioners, stating the legal description and boundaries of the territory desired to be incorporated. *On approval of such petition by the said board* and the filing of a copy thereof with the county recorder such town shall constitute a body corporate and politic under the name and style proposed.

. . .

There were 153 residents in the area—94 adults and 59 children. The petition was signed by 57 of the adults, and alleged that they constituted "a majority of the electors." Petitioners contend that the duty of the County Commission as stated in the statute just quoted is simply a ministerial one of determining the sufficiency of the petition, and it having met requirements of the statute, the Commission had no alternative other than to approve it and establish the proposed Cottonwood City. They further contend that if that statute is construed to give the Commission discretion as to the establishment of the town it is unconstitutional because it is an improper delegation of legislative powers, and/or the creation of a municipal corporation by special law.

In preface to considering the propriety of the denial of the petition it is appropriate to have in mind certain founda-

tional propositions relating to the County and its governing body the County Commission. The County is a political subdivision of the State whose creation and whose powers and duties are derived from the constitution and statutory law.[1] It is the function of the County Commission to so govern the County as to best provide for its general welfare and good order, and to carry on the various activities and provide the public services usually considered to be the responsibility of county government. It has such powers as are specifically enunciated by law and those which are reasonably and necessarily implied in order to discharge those responsibilities.[2] In connection therewith it acts as the legislative body for the County, and also in various of its duties acts as the executive in administering county affairs. In order to discharge those responsibilities in an efficient and appropriate manner it must necessarily be allowed a reasonable latitude of discretion.

■ In conformity with the basic rule respecting the division of powers of government, the courts should not interfere with the actions of the Commission unless it appears that it acted beyond its authority, or in some manner which is clearly contrary to law, or so without basis in reason that its action must be deemed capricious and arbitrary.[3]

We revert to examine the statute in question in the light of the foregoing observations. It seems to us that if the legislature had intended that the County Commission should have no discretion, and thus no other alternative than to give rubber-stamp approval to any petition which complied with the specifications of the statute, it could have simply said that upon such filing with the county recorder, the town was thus established, or that the town "shall" or "must" be established. The ascertainment that the mechanical aspects of the procedure had been met could have been done by any clerk, or certainly by the county recorder, with whom the petition was filed. But requiring it to be filed with the County Commission as the governing body of the County would seem to indicate an intent that they should perform something more than a mere clerical function with respect to it. This is in harmony with the general responsibilities of the County Commission mentioned above, including their duties relating to allocating the burdens of taxation as fairly as possible, and their relationship to the governmental functions and public services in the various areas of the County, for the maximum benefit of the citizens thereof.

1. Article XI, Constitution of Utah; Secs. 17–4–1 to 17–4–11, U.C.A. 1953; see also 20 C.J.S. Counties, § 1.

2. Sec. 17–4–1 and 2, U.C.A. 1953.

3. Haslam v. Morrison, 113 Utah 14, 190 P.2d 520 (1948); see also 56 Am.Jur.2d, Municipal Corporations, Sec. 227.

In this connection it should also be observed that if the County Commissioners had no discretion at all in such a matter, then any area whatsoever, of whatever shape or size, or for whatever purpose, and regardless of how discordant or disruptive it may be of an overall plan, or however impractical any aspect of such a proposal might be, if it but met the technical specifications of a petition, it would have to be established as an incorporated town. Based on what we have said above, it is our opinion that this does not comport with the fair and reasonable meaning to be divined from the statute.

Consistent with one of the primary rules of statutory construction: that we should assume that the words were chosen advisedly and that they all should be given meaning,[4] we believe that the use of the phrase "On *approval* of such petition by the board" was not perfunctory, but it was used advisedly, in the sense of the commonly understood and usual meaning of its terms.[5] This imports that the Commission could *approve*, and also could withhold its

*approval,* in which event the incorporation of the proposed town or city would not be completed.

Neither are we persuaded of the correctness of plaintiffs' other arguments: that the statute, Sec. 10–2–6, U.C.A. 1953, is an unconstitutional creation of a municipal corporation by special law,[6] nor that if it is construed to vest discretion in the County Commission it is a delegation of legislative powers.[7] Referring back to the statute as quoted in the forepart of this opinion, it will be seen that it is not a special law incorporating any particular city or town. What it does is to prescribe in general terms the conditions under which a. petition for that purpose may be filed with the County Commission for approval. We do not see this as an improper delegation of legislative authority to the County Commission, but as conforming with the constitutional mandate that "the legislature *by general laws* shall provide for the incorporation . . . of cities and towns in proportion to population . . . ."[8]

---

4. Wrathall v. Johnson, 86 Utah 50, 40 P.2d 755 (1935).

·5. Emmertson v. State Tax Comm., 93 Utah 219, 72 P.2d 467 (1937); State v. Navaro, 83 Utah 6, 26 P.2d 955 (1933).

6. Article VI, Section 26, of the Utah Constitution. provides: "The Legislature is . prohibited from enacting any private or special laws in the following cases: . . 12. Incorporated cities, towns or villages; . . .."

7. Article XI, Section 5, provides: "Corporations for municipal purposes shall not be created by special laws. The legislature by general laws shall provide for the incorporation, organization and classification of cities and towns in proportion to population, which laws may be altered,. amended or repealed. . . . ."

8. Ibid.

■ On the basis of what we have said herein we are in accord with the views of the trial court in rejecting the petitioners' contentions, and in refusing to find that the County Commission had acted beyond its authority or so wholly without reason as to be capricious and arbitrary and justify the issuance of a writ of mandamus.[9] (All emphasis added.)

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

9. See authorities footnote 3 above.