**Ronald E. ASH, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

No. 4565.

Supreme Court of Wyoming.

Jan. 14, 1977.

1. *United States v. DeCoster*, (D.C.Cir. October 10, 1976). This decision, known as *DeCoster II*, represents further consideration of an appeal first reported as *United States v. DeCoster*, 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973) and referred to in the later opinion as *DeCoster I.*

2. Our decision in *Ash v. State*, 555 P.2d 221 was entered October 14, 1976. *DeCoster II* was filed October 19, 1976 and received national publicity in the November 1 issue of Time

ORDER

GUTHRIE, Chief Justice.

Appellant herein having filed his petition for rehearing in the above matter, and it appearing to the court that said petition does not present any new facts or propositions of law but seeks to make a reargument based upon later discovered and subsequent authority, and is in effect seeking reargument upon points decided adversely to the appellant; and it appearing that the same should therefore be denied under the authority of *Elmer v. State,* Wyo., 466 P.2d 375, 376.

IT IS THEREFORE ORDERED that the petition for rehearing be and the same is hereby denied.

McCLINTOCK, Justice, dissenting, in which ROSE, Justice, joins.

By application for rehearing timely filed herein appellant sought to have this court consider a then unreported decision of the United States Court of Appeals for the District of Columbia Circuit [1] and has since furnished us with a complete copy of the opinion as rendered by that court. A majority of this court have elected to deny the application without further opinion. Although the matter has been presented by counsel in somewhat informal fashion,[2] my own perusal of the proffered opinion strengthens the conviction expressed in my previous dissent that this court has committed serious error in the denial of the constitutionally-guaranteed right to a fair trial with the effective assistance of counsel and leads me to believe that there is a strong possibility that the court has arrived at an erroneous conclusion by either overlooking or giving inadequate consideration of the

and November 6 issue of the National Observer. Application for rehearing, based upon these published reports of the decision, but with offer to furnish copy of the opinion as soon as it could be obtained and to furnish additional brief if permitted by this court, was filed November 12, barely within the time limitation permitted by our Rule 14. It seems obvious that appellant's counsel could not construct much of a brief on the basis of the two media reports.

constitutional principle. I think that this is sufficient reason for granting a complete rehearing and at the least counsel should be allowed through brief to present his argument as to the pertinence of the cited case.

I continue generally to adhere to the long-standing rule [3] confirmed in *Elmer v. State,* 466 P.2d 375, 376 (Wyo.1970), cited in the order denying rehearing in this case, that it is

"* * * basic that a rehearing will not be allowed merely for the purpose of reargument unless there is a reasonable probability that the court may have arrived at an erroneous conclusion or overlooked some important question or matter necessary to a correct decision. * * *" [4]

I also believe that statements in *Olds v. Hosford,* 359 P.2d 406 (Wyo.1961), where in denying rehearing it was said that the record had been re-examined and the court was satisfied "that the very question now insisted upon was sufficiently considered and disposed of in the original opinion," and *Braten v. Baker,* 78 Wyo. 300, 301, 325 P.2d 880 (1958), wherein rehearing was refused to consider matters "fully dealt with in this court's original opinion" are consistent with the view I take. I believe that this court has not adequately considered and disposed of the question of constitutional fairness and has denied the appeal, not because they reject applicable standards pertaining to criminal defense, but as punishment for what they consider the defendant's dilatory and unreasonable tactics in (1) failing within five weeks after his arrest to arrange for counsel of his own choosing and at his own expense; (2) at the end of that period not accepting appointment of counsel by the court, some four weeks before the an-

nounced trial date; and (3) at the end of that period and on the day before trial requesting appointment of counsel. They balance the constitutional right of assistance of effective counsel against the trial court's discretion to grant or deny continuances and weight the scales in favor of denial.

Both *DeCoster I* and *DeCoster II,* supra n.1, should be considered as pertinent to this appeal. In the first appeal of his felony conviction the defendant contended that he had been denied his constitutionally-guaranteed right to the effective assistance of counsel.[5] The court determined that a factual hearing was necessary with respect to counsel's preparation and investigation, but made this observation pertinent to Ash's situation, 487 F.2d at 1201:

"This court does not sit to second guess strategic and tactical choices made by trial counsel. However, when counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel. * * * *"

It went on to declare applicable the American Bar Standards for the Defense Functions, and specifically:

"(1) Counsel should confer with his client without delay and as often as necessary to elicit matters of defense, or to ascertain that potential defenses are unavailable. Counsel should discuss fully potential strategies and tactical choices with his client.

"(2) Counsel should promptly advise his client of his rights and take all actions necessary to preserve them. * * *

"(3) Counsel must conduct appropriate investigations, both factual and legal, to

---

**3.** See *Watts v. Lawrence,* 26 Wyo. 367, 379, 185 P. 719 (1919), reh. den. 188 P. 34 (1920).

**4.** In line with this principle I have usually concurred in the denial of rehearing in cases wherein I had originally dissented, e. g. *Hoskins v. State,* 553 P.2d 1390, 1391 (Wyo.1976).

**5.** The alleged offense occurred May 28, 1970 and DeCoster was arrested that day. He was first arraigned and counsel appointed for him on May 30, 1970. On November 4 he requested

a new lawyer. The case was called for trial January 12, 1971 but was then continued and DeCoster absconded on January 21, 1971, rearrested on September 2 and trial was had on November 15, 1971. So far as appears from the opinions he continued with original counsel although he was complaining about his representation. There appears to have been ample time for preparation but as found in *DeCoster II* counsel had not prepared properly.

determine what matters of defense can be developed. * * *" (487 F.2d at 1203–1204) [6]

Upon the second appeal the court found a violation of the standards which it had previously prescribed and then considered whether the violation was "substantial." The majority concluded that such substantiality had been established, thereby further establishing a violation of defendant's constitutional right to effective assistance of counsel. This then thrust upon the government the burden of establishing that the constitutional violation was harmless. However, I think the case is most applicable to the case at Bar because of this statement page 20 of the opinion):

"In certain circumstances, however, the acts or omissions of counsel are so likely to have impaired the defense, and yet this consequence would be so difficult to prove, that, in accordance with well-established evidentiary principles, such an impairment can be presumed.

"For example, there is persuasive authority for indulging such a presumption *when counsel is not appointed until the eve of trial*, or when counsel has a clear conflict of interest. [Emphasis added] Only recently, a unanimous Supreme Court held that a petitioner whose right to effective assistance of counsel was infringed by an order issued during trial

barring him from consulting with his attorney overnight between his direct and cross-examination need not demonstrate, *or even claim*, prejudice.[7] To use the language of the dissent in the present case, these are all instances in which there is 'inherent prejudice' in the nature of the violations. Dissent at 48.

"This case falls squarely within the same category. The violation here—a total failure to conduct factual investigations—makes this case analogous to ones in which counsel is not appointed until immediately before trial. Investigation is so central to the defense function that, except in the most extraordinary circumstances, a gross violation of the duty to investigate will adversely affect a defendant's rights. * * * Counsel here also failed to promptly determine whether there were additional witnesses to the alleged robbery or to appellant's alleged flight who could have aided the defense. *Appellant cannot be expected to show that such an effort would have been fruitful since the very reason such an effort was necessary was that appellant did not know the identity of any such witnesses.* [Emphasis added]"

As I see it, under the *DeCoster* standards [8] a criminally accused cannot have *effective assistance of counsel* unless he has *prepared* counsel. If we impose

---

**6.** Judge McKinnon, who partially dissented in *DeCoster I* and filed a lengthy dissent in *DeCoster II* did not in the first case appear to take exception with the standards as declared by the majority but did suggest in the first case that the question was one of adequacy rather than effectiveness of counsel.

**7.** *Geders v. United States*, 425 U.S. 80, 87, 96 S.Ct. 1330, 1335, 47 L.Ed.2d 592 (1976). A concurring opinion by Mr. Justice Marshall expressly disclaims any necessity of showing prejudice. An order such as the one under attack "is inherently suspect, and requires initial justification by the Government." 425 U.S. at 93, 96 S.Ct. at 1337.

**8.** My own easy reference to standards which I think have been established in many decisions other than *DeCoster*. The need for preparation is well recognized and is one of the substantial requirements in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527

(1932). The federal circuit courts have frequently considered the question of inadequate representation, both on appeal as in *DeCoster*, and upon petition for habeas corpus. See *Garland v. Cox*, 472 F.2d 875, 876 (4th Cir. 1973), petition for habeas corpus filed 13 years after the conviction and only three months before the death of the attorney who had represented the petitioner. Former decisions of that and other circuits are discussed and the court refuses to depart from its rule that late appointment of counsel created a presumption of prejudice shifting to the government the burden to show the lack thereof. As expressed in my earlier dissent, I think there is good reason for imposing a more stringent rule in cases where a collateral attack is being made upon the conviction than in a case where the attorney has himself promptly raised the question of lack of time for preparation and his own inadequacy arising therefrom.

these standards of preparation on counsel in this case it is obvious that he has not met them, but this is only because he could not possibly comply therewith in the impossibly short time that he had for preparation for trial. It follows that this court cannot say what defenses he might have been able to develop, what more effective cross-examination he might have conducted of key witnesses, what success he might have had in attacking the credibility of witnesses. Every reason then exists for presuming lack of effective counsel and prejudice to the accused and the State has done nothing to rebut that presumption.

Noting only that I have previously indicated that I cannot agree with the majority's characterization of Ash's indecision, I would now add that if this court accepts the pertinence of the *DeCoster* standards but denies Ash the right to a trial with the assistance of properly prepared and effective counsel, it improperly limits the constitutional right of effective assistance to only those accused who without attempting to procure counsel at their own expense promptly assert their financial inability to obtain counsel and request appointment thereof. This is a qualification of the right which I cannot accept.

In my first dissent I found it unnecessary to reach the constitutional question because I thought that the trial court was so clearly in abuse of its judicial discretion in denying the continuance that it was a matter of plain legal error justifying reversal of the conviction on that ground alone. While I am still of that opinion, I do not see how the matter can be considered in anything but a constitutional context, as was done by counsel for Ash in his brief on appeal, although not making specific reference to the federal or state constitutions. I find nothing in either of those constitutions that would limit the right of assistance and fair trial as has been done by the majority, and therefore can agree with my Brother Rose in the view expressed in his separate dissent to the original opinion that defendant was denied a fair trial, resulting in a violation of his constitutional rights of due process of law.