587 P.2d 203 (1978)
BOARD OF TRUSTEES OF WESTON COUNTY SCHOOL DISTRICT NO. 1, Weston County, Wyoming (John Ratigan, William Stearns, Ted Elliott, Robert Engle, Lyle Sylte, Max Decker, Fred Ertman, Jerry Dixon, and James Griffin, in their official capacity) Appellants (Some of defendants below),
v.
David L. HOLSO, Appellee (Plaintiff below).
A.L. ALBERT, Individually, Appellant (One of defendants below),
v.
David L. HOLSO, Appellee (Plaintiff below).
Nos. 4807, 4808.
Supreme Court of Wyoming.
November 21, 1978.

ORDER DENYING PETITION FOR REHEARING
GUTHRIE, Chief Justice.
Appellants-defendants having petitioned this court for a rehearing of their appeals on the ground that the decision of the court in Board of Trustees of Weston County School District No. 1 v. Holso, Wyo., 584 P.2d 1009, represented a substitution of judgment for that of the school board, and further for the reason that this court erroneously found liability on the part of A.L. Albert, and
It being the settled law that rehearing will not be granted where the application presents no new facts but instead undertakes to reiterate the arguments made on the appeal, or where the effect of the application is to ask the court to review its decision on points and authorities already determined, Elmer v. State, Wyo., 466 P.2d 375, 376, and
It being apparent from a reading of the appellants' brief in support of the petition that the defendants have merely restated the arguments raised previously and discussed in the dissenting opinions to our original decision, and
It appearing to the court that the original decision has considered and disposed of each point raised in the original appeal:
NOW, THEREFORE, the petition for rehearing is denied, as is the Wyoming School Boards Association's Motion for Leave to Appear as Amicus Curiae.
RAPER, Justice, dissenting.
I dissent from the order of the court denying a rehearing. It is my individual view that the majority arrived at an erroneous conclusion and overlooked important matters necessary to a correct decision, as outlined in my dissent to the majority decision. I am also now convinced, upon reflection, that I should not have joined with the majority sustaining reinstatement of the *204 plaintiff. The court, in reinstating plaintiff as a school teacher and awarding back pay and benefits, has deprived the school board of its role as fact finder and substituted its judgment for that of the school board. Shenefield v. Sheridan County School District No. 1, Wyo. 1976, 544 P.2d 870. Even though the court may have previously considered the material now submitted in support of the petition for rehearing, I know of no rule which prohibits the court from changing its collective mind, adopting the views of the dissent and admitting that it misapprehended matters material to a proper disposition of the case.
I dissent from the order of the court denying the Motion of the Wyoming School Boards Association to appear as amicus curiae in support of the petition for rehearing. The decision of this court has, if permitted to stand, seriously deteriorated the vital role of school boards in the management of local school systems, particularly in the employment and discharge of school teachers, all as pointed out in my dissent to the majority decision. While amicus curiae cannot petition for rehearing, Burns v. State, 1918, 25 Wyo. 491, 173 P. 785, those having a crucial and concerned interest, certainly justified in this case, should be heard in support of the petition, particularly in this matter of great public interest where the functions of elected representatives of the people are affected.
THOMAS, Justice, dissenting.
I dissent from the Order of the Court denying the Petition for Rehearing. Since I remain persuaded that the Court arrived at erroneous conclusions relative to the scope of Title 42, U.S.C. § 1983 and the extension of academic freedom concepts to grading practices in its original opinion I would grant the rehearing. The authorities cited in support of the Petition for Rehearing differ from those in the original brief and argument, and are deserving of the further attention of this Court in this important case.