"Pony" DUKE, Appellant (Defendant below),

v.

Margaret HOUSEN, Appellee (Plaintiff below).

No. 4811.

Supreme Court of Wyoming.

March 2, 1979.

Before RAPER, C. J., McCLINTOCK and THOMAS, JJ., GUTHRIE, J., Retired and ARMSTRONG, D. J., Retired. ROONEY, J., did not participate.

ORDER DENYING REHEARING

RAPER, Chief Justice.

After full consideration, it is, by a majority of the Court so deciding,

ORDERED that the plaintiff-appellee's Petition for Rehearing, 589 P.2d 334, be and is denied.

McCLINTOCK, Justice, dissenting.

The majority opinion has been a confusing and difficult one for me to read because of contradictory statements,[1] leaving me without a clear understanding as to just what is the holding of the court. I share the concern expressed in the petition for rehearing that the majority ignore two well-established rules of this court: that it will grant all favorable inferences to the appellee,[2] and that it is not the trier of the facts.[3] I agree with counsel that not only has the majority made such findings but that they are not supported by and in some cases in conflict with the uncontradicted evidence.[4] These, to me, are sufficient reasons for granting a rehearing but my chief concern and principal reason for dissenting from the denial of rehearing is my belief that the principal and concurring opinion both inject a new and improper element into the creation of an actionable tort. That new element is discovery of the damage resulting from the wrongful act.

Justice Thomas clearly and unequivocally states that discovery is such a necessary element. The principal opinion first states that the elements of a tort are a wrongful act plus injury, but the states of Pennsylvania, Iowa and Nebraska (all three being states where sexual acts took place and the disease could have been implanted and develop to the point of injury) are excluded on the basis that in those states discovery is necessary before any cause of action arises.[5] In my view, under the undenied facts of this case, it is impossible for this court to exclude from consideration the state of Nebraska and its applicable four-year statute of limitations, except on the basis that discovery is an essential element of the tort. There was no discovery in Nebraska; therefore no action arose in that state.

I shall not reiterate the argument advanced in my dissent, that discovery is not an element of the tort itself but, as counsel for plaintiff express it, "starts the clock but does not determine the state in which the clock starts ticking." I may be wrong in this view, but the principal opinion does not even discuss it. I think that the matter should be thoroughly discussed before we make discovery an element of the tort itself.

While I adhere to the principle in *Elmer v. State*, 466 P.2d 375, 376 (Wyo.1970) that rehearing will not be granted "unless there is a reasonable probability that the court may have arrived at an erroneous conclusion," I am of the opinion that the majority

1. To me, a glaring instance of contradiction is found by comparison of the statements at pages 349 and 351 of the Reporter (589 P.2d) with the finding and holding at page 345. The first statements mentioned are both to the effect that there is no testimony or proof as to just when the plaintiff was infected, with the further remark in the latter that the gonococci "may have taken hold at once following the first exposure or the results delayed until some later time. We cannot guess and will not try to." At page 345 the majority say: "We find and hold that a cause of action arose in the state of New York on April 8, 1970 and April 21, 1970." These are dates on which the parties had sexual relations in that state. The significance of these contradictions is emphasized by the earlier statement in the opinion at page 344 where after discussing the applicability of a foreign statute of limitations, it is said, "It thus becomes of acute importance in the situation at bar to specifically determine for limitation of action purposes, where and when plaintiff's cause of action arose." In my opin-

ion the majority never succeed in this endeavor.

2. *Zitterkopf v. Roussalis*, 546 P.2d 436, 437 (Wyo.1976); *Jelly v. Dabney*, 581 P.2d 622 (Wyo.1978).

3. *Neal v. Wailes*, 346 P.2d 132, 134 (Wyo.1959).

4. I particularly have in mind the testimony of Dr. Belletti, mentioned in my dissent, that transmission of the disease does not necessarily result from intercourse. See also the notes regarding chances of infection and time of incubation of the disease.

5. As to Pennsylvania and Iowa, I concede my point is unimportant because, even treating the limitation as beginning to run upon discovery, the action would be barred by their shorter statutes. It is clear, however, that unless discovery is considered a necessary element of the tort so that no wrong was committed in Nebraska, the action was brought as to that state within its applicable statute.

have done just that.[6] I would therefore grant a complete rehearing.

6. For a further discussion of my views concerning this rule see my dissent to denial of rehear-ing in *Ash v. State*, 560 P.2d 369, 370 (Wyo. 1977).