The BOARD OF COUNTY COMMISSION-
ERS OF the COUNTY OF CAMPBELL
and the County of Campbell, State of
Wyoming, Appellants (Defendants),

v.

Allen RIDENOUR, William Schaffner,
James Lea and Ron Bourquin,
Appellees (Plaintiffs).

Allen RIDENOUR, William Schaffner,
James Lea and Ron Bourquin,
Appellants (Plaintiffs),

v.

The BOARD OF COUNTY COMMISSION-
ERS OF the COUNTY OF CAMPBELL
and the County of Campbell, State of
Wyoming, Appellees (Defendants).

Nos. 5333, 5334.

Supreme Court of Wyoming.

March 25, 1981.

McCLINTOCK, Justice.

My concurrence in the opinion of the court was unqualified. The only purpose of my special concurrence was to emphasize the importance of the Wisconsin law and interpretation thereof by that court.

THOMAS, Justice, with whom ROSE, Chief Justice, joins.

I would grant the petitions for rehearing in this instance in which "there is a reasonable probability that the court may have arrived at an erroneous conclusion or overlooked some important question or matter necessary to a correct decision." *Elmer v. State*, Wyo., 466 P.2d 375, 376 (1970).

In addition to the views expressed in the dissenting opinion, I would point out that the product of our decision is that the word "person," as it appears in § 1–1–109(a), W.S. 1977, emerges with a dual and incon-sistent meaning. For substantive purposes it is clear that the court said it means "each defendant individually and separate and apart from any other defendant or any other person." For procedural purposes, however, specifically in the submission of the case to the jury, the word "person" becomes plural in connotation and encompasses not only all defendants but all others who apparently contributed to the event causing the injury. This inconsistency is bound to lend confusion to the application of this statute.