STATE of Wyoming; Ed Herschler, Governor; James B. Griffith, State Auditor; Shirley Wittler, State Treasurer; Richard H. Honaker, State Public Defender, Appellants (Defendants),

v.

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, State of Wyoming, Appellee (Plaintiff).

No. 5609.

Supreme Court of Wyoming.

March 24, 1982.

---

ROONEY, Justice.

Appellee-County brought this action against appellant-State for reimbursement of monies expended to pay an attorney appointed by the trial court to represent an indigent defendant in a criminal case. The public-defender system became operative during the course of the proceedings in the criminal case, and the County contends that the State should be responsible for payment for the services of the court-appointed attorney.[1] The attorney vouchered the County for his services, and the County paid him. Both County and State moved for a summary judgment, and the County's motion was granted. The State appeals therefrom.

We reverse inasmuch as the County did not have standing to bring an action against the State. This being so, we need not address other issues presented and argued on this appeal.

■ A county is a political or civil division of the state, created to aid in the administration of government.

"A county is but an agency or arm of the state government, created, organized, and existing for civil and political purposes, particularly for the purpose of administering locally the general powers and policies of the state, and as a matter of public convenience in the administration of the government. * * *" 20 C.J.S. Counties § 1, pp. 754–755.

"The County is a political subdivision of the State whose creation and whose powers and duties are derived from the constitution and statutory law. * * *" *Cottonwood City Electors v. Salt Lake County Board of Commissioners*, 28 Utah 2d 121, 499 P.2d 270, 271 (1972).

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Allen C. Johnson, Senior Asst. Atty. Gen., for appellants.

Greg L. Goddard, County and Pros. Atty., Johnson County, Buffalo, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

1. The court-appointed attorney sought to withdraw after the date upon which the Public Defender Act took effect. The court denied his request to do so. Section 7–1–115(a) and (b), W.S.1977 provides:

"(a) Nothing contained herein shall preclude a court on its own motion or upon application by the public defender or by the individual defendant, from appointing an attorney other than the public defender to represent such defendant or to assist in the representation of such defendant at any stage of the proceedings or on appeal.

"(b) If a court assigns an attorney to represent a needy person, it shall prescribe a reasonable rate of compensation for his services and shall determine the direct expenses necessary to representation for which he should be reimbursed. The public defender's office where the court is located shall pay the attorney the amounts so prescribed."

See 56 Am.Jur.2d Municipal Corporations, Counties and Other Political Subdivisions, § 5, p. 74; and *Bondurant v. Board of Trustees of Memorial Hospital of Converse County*, Wyo., 354 P.2d 219, 221 (1960).

 Accordingly, the County cannot sue the State, its creator, in the absence of a specific constitutional or statutory provision authorizing such an action. See *Board of County Commissioners of County of Otero v. State Board of Social Services*, 186 Colo. 435, 528 P.2d 244 (1974); *Board of County Commissioners of County of Dolores v. Love*, 172 Colo. 121, 470 P.2d 861 (1970); and *Salt Lake County v. Liquor Control Commission*, 11 Utah 2d 235, 357 P.2d 488 (1960).

> "As its mere agent, * * * a county may not sue the state. * * *" 20 C.J.S. Counties § 320, p. 1283, citing *Albany County v. Hooker*, 204 N.Y. 1, 97 N.E. 403 (1912).

See *Athanson v. Grasso*, 411 F.Supp. 1153 (D.C.Conn.1976). Counties are not sovereign entities. They do not comprise a federation within the state. *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, reh. denied 379 U.S. 870, 85 S.Ct. 12, 13 L.Ed.2d 76 (1964). They are part of the state itself. One cannot sue himself. Proceedings in our courts contemplate an adversary situation upon which they are based.

> "The district court shall have original jurisdiction of all *causes* both at law and in equity and in all criminal *cases* * * *." (Emphasis added.) Art. 5, § 10, Wyoming Constitution.

> " * * * Subject-matter jurisdiction is ' "the power to hear and determine *cases* of the general class to which the proceedings in question belong" ' * * *." (Emphasis added.) *Fuller v. State*, Wyo., 568 P.2d 900, 902–903 (1977).

> " 'Jurisdiction' is the power to hear and determine the matter in *controversy* between the parties. * * *" (Emphasis added.) *McGuire v. McGuire*, Wyo., 608 P.2d 1278, 1290 (1980).

The definition of a cause of action was examined at length in *Cantonwine v. Fehl-ing*, Wyo., 582 P.2d 592, 597 (1978), referring to rights possessed by a plaintiff and duties and wrongs done by a defendant. Among language with similar import it was there said:

> " * * * It cannot exist without the concurrence of a right, a duty, and a default; or, stated differently, an obligation must exist upon *one party in favor of the other*, the performance of which is refused. * * *" (Emphasis added.) 582 P.2d at 597. See *Duke v. Housen*, Wyo., 589 P.2d 334 (1979), reh. denied 590 P.2d 1340 (1979).

> " * * * Ordinarily the word 'case' would mean an action regularly commenced as a judicial proceeding wherein *adverse parties* by their pleadings have tendered certain issues for adjudication. * * *" (Emphasis added.) *Leitner v. Lonabaugh*, Wyo., 402 P.2d 713, 718 (1965).

> " * * * 'Controversy' is defined as 'a dispute arising *between two or more persons.*' * * *" (Emphasis added.) *Becker v. Hopper*, 23 Wyo. 209, 147 P. 1085, 1087 (1915).

> "(a) There shall be one (1) form of action known as 'civil action'.

> "(b) The party complaining shall be known as the plaintiff and the *adverse* party as the defendant." (Emphasis added.) Rule 2, W.R.C.P.

Since one cannot have a position adverse to his own position, one cannot bring an action against himself. The County being a division of the State, it cannot sue the State.

 Two other aspects of this case require brief comment. First, this case is not being resolved with reference to the existence or non-existence of the defense of sovereign immunity, with the attendant question as to whether or not it is waived. Since the occurrences upon which this action was premised, the Wyoming Governmental Claims Act (§§ 1–39–101 through 1–39–119, W.S.1977, Cum.Supp.1981) has been enacted. Future issues relative to sovereign immunity and waiver thereof will

be subject thereto. Second, dicta language in our order vacating district court orders in *Hayes v. State*, Wyo., 599 P.2d 569, 571 (1979) has misled the County with reference to its standing to bring this action. The language should have been more exact in specifying the suggested procedure to be applicable only if the court-appointed attorney had instituted the action upon his claim against the County or the State or both. If the State were not included in the original action, it could have been made a party by appropriate joinder.

Reversed and remanded with direction to enter judgment for the State.