CARBON COUNTY SCHOOL DISTRICT NO. 2, Appellant (Plaintiff),

v.

The WYOMING STATE HOSPITAL, Dr. William N. Karn, Jr., Superintendent of the Wyoming State Hospital, and Members of the Staff of the Wyoming State Hospital, herein referred to as John Doe and Jane Doe, Appellees (Defendants).

No. 83–179.

Supreme Court of Wyoming.

May 2, 1984.

George E. Powers, Jr., of Godfrey & Sundahl, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Allen C. Johnson, Sr. Asst. Atty. Gen., for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This appeal is from an order dismissing the complaint of appellant under Rule 12(b)(6), W.R.C.P., for failure to state a claim upon which relief could be granted inasmuch as appellant school district did not have standing to sue appellee state agency for a tort or to sue its agents for a tort committed while they were acting in the scope of their employment.

We affirm.

For the purposes of acting on a motion to dismiss under Rule 12(b)(6), the court must accept the facts alleged in the

complaint as true. *Moxley v. Laramie Builders, Inc.*, Wyo., 600 P.2d 733, 734 (1979). The district court summarized these facts as follows:

" * * * one John Lambert committed an act of arson on November 23, 1980, the fire he set destroying an elementary school located in Hanna, Wyoming, the property of the plaintiff school district; that Mr. Lambert was an individual who has been in the Wyoming State Hospital for treatment and care both voluntarily and involuntarily at various times in 1976, 1979, 1980 and 1982, that he has a long history of mental, behavioral and physical illness characterized by repeated examples of antisocial, destructive acts, including acts of arson and was known or should have been known to constitute a danger to the safety of persons and properties of others as well as of himself; that he was admitted to the Wyoming State Hospital by a voluntary commitment on or about January 30, 1980 and was allowed to return to his home for a visit on October 9, 1980, which visit was to have terminated on October 14, 1980 with his return to the Wyoming State Hospital; that on October 10, 1980, the mother of John W. Lambert informed the staff of the Wyoming State Hospital that she was discontinuing the medication which had been prescribed for his treatment, and that on October 14, 1980, he did not return to the Wyoming State Hospital but remained in his home town of Hanna, Wyoming; that on October 24, 1980, he was given a complete discharge from the Wyoming State Hospital and no provision was made for follow-up study, evaluation of his mental or medical status, continuation of necessary medication or course of treatment, care or observation and no notice of the discharge was made to any local authorities; that notice of the claim of the plaintiff was filed with the state auditor's office on October 20, 1982 and also mailed to Dr. Karn, superintendent of the state hospital and Dale MacDonald, business manager of the state hospital, on October 20, 1982; specifically, the plaintiff alleges that Dr. Karn as superintendent of the defendant state hospital violated his duty to exercise reasonable care when he permitted, allowed, authorized, acquiesed [sic] in, or participated in the discharge of John W. Lambert at a time when he knew, should have known, or was chargeable with the knowledge that John W. Lambert posed an unreasonable risk of injury to the persons and property of others as well as of himself."

Our holding in *State v. Board of County Commissioners of Johnson County*, Wyo., 642 P.2d 456 (1982), is controlling in this case. In the *Johnson County* case, we held that:

"A county is a political or civil division of the state, created to aid in the administration of government.

*          *          *          *          *          *

"Accordingly, the County cannot sue the State, its creator, in the absence of a specific constitutional or statutory provision authorizing such an action. * * *

*          *          *          *          *          *

" * * * Counties are not sovereign entities. * * * They are part of the state itself. One cannot sue himself. * * *

*          *          *          *          *          *

" * * * The County being a division of the State, it cannot sue the State." Id. at 457, 458.

■ In its opinion letter the trial court cited and quoted from Wyoming cases and from encyclopedia definitions and descriptions of "school districts" and "counties" [1] in reaching the conclusion that:

1. Such cases and encyclopedia references are: *Powder River Cattle Co. v. Board of County Commissioners of Johnson County*, 3 Wyo. 597, 29 P. 361 (1892); *Geraud v. Schrader*, Wyo., 531 P.2d 872, cert. denied 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975); *Goshen County Community College District v. School District No. 2, Goshen County*, Wyo., 399 P.2d 64 (1965); 20 C.J.S. Counties, §§ 1 and 320; 78 C.J.S. Schools and School Districts, § 24; *Albany County v. Hooker*, 204 N.Y. 1, 97 N.E. 403 (1912); 79 C.J.S. Schools and School Districts, § 429; 56 Am. Jur.2d, Municipal Corporations, Counties, and Other Political Subdivisions, §§ 5, 12 and 13.

"In the light of all the previous text discussions and definitions of counties and school districts, it appears difficult, if not impossible, to make a distinction between counties and school districts for the purpose of permitting one, but not the other, to maintain a suit against the state. Both are defined as subdivisions of the state, created by the state, for the purpose of better administering the policies of the state within certain governmental functions."

We agree. School districts are political subdivisions of the state. They are part of the state itself. *West v. School District No. 9, Platte County,* 37 Wyo. 36, 258 P. 583 (1927).

■■■ Appellee Wyoming State Hospital is an agency of the state created by statute at the mandate of the state constitution. See § 25–1–201, W.S.1977; Art. 7, § 18, Wyoming Constitution.

Appellant contends that it is given standing in this case by the Wyoming Governmental Claim Act, §§ 1–39–101 through 1–39–119, W.S.1977, Cum.Supp.1983. Appellant argues that such is a "specific * * * statutory provision authorizing such an action," as required by the language in *State v. Board of County Commissioners of Johnson County,* supra, viz:

"* * * County cannot sue the State, its creator, in the absence of a specific constitutional or statutory provision authorizing such an action." 642 P.2d at 458.

However, the Wyoming Governmental Claim Act is a general waiver of immunity (with certain exceptions) for torts committed by state agencies or public employees acting within the scope of their duties.

■■■ The action here does not fail because of the existence of sovereign or governmental immunity, it fails on the simple premise that, regardless of immunity, a school district may not sue the state, its creator and of which it is a part, in tort. One cannot sue himself. Accordingly, the Wyoming Governmental Claim Act has no relevancy to this matter.

■■■ The principles here set forth do not apply to actions to have statutes construed and to determine correlative rights between agencies of the state, between such agencies and the state itself, and between the state and officers of the state. *Town of Pine Bluffs v. State Board of Equalization,* 79 Wyo. 262, 333 P.2d 700 (1958); *Washakie County School District Number One v. Herschler,* Wyo., 606 P.2d 310, cert. denied 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980); *Goshen County Community College District v. School District No. 2, Goshen County,* Wyo., 399 P.2d 64 (1965).

Affirmed.